(33 Misc. Rep. 250.)

### In re CLAMP et al.

(Supreme Court, Special Term, New York County. December, 1900.)

**1. MUNICIPAL CORPORATIONS—IMPROVEMENTS—CONTRACTS—BIDS.**

A bid for a street-paving contract was not invalid because the price bid was written over an erasure without any note being made of such erasure, where the bidder made affidavit that the erasure was made before the bid was verified or submitted.

**2. SAME—VERIFICATION—SIGNING.**

Where a bid for a street-paving contract was not signed, but was properly verified, and the verification signed, it was valid, since the ordinance did not require the bid to be signed, but only that it be properly verified.

**3. SAME—PUBLIC OFFICER—INTEREST—STATUTES.**

Gen. City Laws, § 3 (Laws 1900, c. 327), provides that no public officer of any city shall be interested, either as principal or surety, in any contract payable out of the city treasury. Section 171 declares that, so far as the general city law is substantially the same as existing laws, it shall be construed as a continuation thereof. Greater New York Charter, § 1533, prohibits any member of the municipal assembly from becoming interested in the performance of any contract payable from the city treasury, and declares that a contract in which such person becomes interested shall, at the option of the comptroller, be forfeited and void. *Held,* that assuming that Gen. City Law, § 3, applied to New York City, said section did not repeal Greater New York Charter, § 1533, but is a continuation thereof; hence a contract in which a member of the municipal assembly of New York City was interested as a surety was not absolutely void, but only void at the option of the comptroller.

Application by Thomas W. Clamp and another for a writ of mandamus directing that a bid of Kelly & De Marco under a contract for street improvement be rejected. Denied.

Horace E. Parker, for petitioner.
John Whalen, Corp. Counsel, for city of New York.

ANDREWS, J. The commissioner of street cleaning advertised for bids for removing snow and ice during the coming season in the borough of Manhattan, and in response to such advertisement received a number of proposals for doing the work. The lowest one was that of Kelly & De Marco, who offered to do the work at 36 cents per cubic yard. The next lowest bid was that of T. W. Clamp & Co., the relators herein; the price bid by them being 38 cents per cubic yard. The commissioner declared Kelly & De Marco to be the lowest bidders, and awarded the contract to them, and his action

was duly approved by the board of estimate and apportionment. Thereafter the bid of Kelly & De Marco was sent to the comptroller for an examination of the sureties offered by them; and thereupon this proceeding was instituted by Clamp & Co., who claim that for certain reasons the court should grant a peremptory writ directing that the bid of Kelly & De Marco be rejected, and that the contract should either be awarded to Clamp & Co., as the next lowest bidders, or that all the bids should be rejected, and the contract should be again readvertised.

1. It is objected that the bid of Kelly & De Marco is illegal and invalid because the price bid, 36 cents, was written over an erasure, without any note of such erasure being made. This objection is met by an affidavit by Celestino De Marco to the effect that the change from the figures that had been previously written therein to 36 cents was made before the bid was verified or submitted.

2. It is objected that the bid was not signed by the firm, or by the individual members of the firm. The answer to this objection is that there is no provision of law or ordinance which requires that the bid should be signed. The requirement is that the bid should be verified, and it was properly verified, and the verification signed by each member of the firm.

3. It is objected that the bid of Kelly & De Marco was illegal and invalid because one of the proposed sureties is a member of the municipal assembly. It is claimed on behalf of the relators that this matter is controlled by section 3 of chapter 327 of the Laws of 1900, which declares that no public officer of any city shall be interested, directly or indirectly, in a contract with such city, either as principal or surety or otherwise, and that the bid of Kelly & De Marco was absolutely void; that the court must direct it to be rejected, and that the contract be awarded to the relators, as the next lowest bidders, or that the comptroller reject all the bids and readvertise the contract, as provided for in section 541 of the Greater New York charter. The counsel to the corporation, on the other hand, contends that the matter is controlled by section 1533 of the Greater New York charter, and that the bid of Kelly & De Marco is not absolutely void, but may be lawfully accepted unless the comptroller shall see fit to reject it. Said section 3, so far as relates to the question under consideration, is as follows:

"Nor shall the mayor or any alderman, school commissioner or other public officer of any city be directly or indirectly interested, either as principal, surety or otherwise, in any contract, the expense or consideration whereof is payable out of the city treasury, but this section shall not affect the right to any fees or emoluments belonging to any office. An officer of the city who violates any provision of this section shall be guilty of a misdemeanor, and on conviction thereof his office shall be vacant."

Section 1533 of the Greater New York charter, among other things, contains the following:

"No member of the municipal assembly * * * shall be or become, directly or indirectly, interested in or in the performance of any contract * * * the expense, price or consideration of which is payable from the city treasury. * * * If any person in this section mentioned shall, during the time for which he was elected or appointed, knowingly acquire an interest in

any contract or work with the city, or any department or officer thereof, unless the same shall be devolved upon him by law, he shall, on conviction thereof, forfeit his office, and be punished for a misdemeanor."

The learned counsel for the relators, upon the hearing and in his brief, has presented an elaborate argument to show that chapter 327 of the Laws of 1900, which is called the "General City Law," applies to the city of New York, except in those cases in which that city is specially excepted; and I am inclined to think that his contention is well founded. I do not consider it necessary, however, for the purposes of this application, to decide that question; for, in my opinion, it is immaterial which of the above-cited provisions is controlling, as they are substantially identical. Under the provisions of section 3, every public officer of a city is forbidden to be directly or indirectly interested, either as principal, surety, or otherwise, in certain contracts with the city. Now, a surety, as such, cannot be directly interested in such a contract, but he may be indirectly interested therein; and the statute declares that no public officer of a city shall have such indirect interest. Said section 1533 of the charter declares that no member of the municipal assembly shall be or become directly or indirectly interested in, or in the performance of, any contract, the expense, price, or consideration of which is payable from the city treasury. As above stated, a public officer may be indirectly interested as a surety in a contract, or in the performance thereof; and under this provision of the charter a member of the municipal assembly is forbidden to become indirectly interested as a surety upon a contract with the city, just as he is so forbidden by the said section 3 of the general city law, in which the term "surety" is inserted. The bid of Kelly & De Marco was therefore irregular and presumptively illegal, because one of the sureties was a member of the municipal assembly; but it does not follow that it must be rejected, and the contract either awarded to Clamp & Co., or that the comptroller must reject all bids and readvertise. Said section of the charter, among other things, also contains the following provision:

"All such contracts in which any such person is, or becomes interested shall, at the option of the comptroller, be forfeited and void."

And, even if it be assumed that said section 3 of the general city law applies to the city of New York, it does not follow that said last-quoted provision has been repealed by said section 3. The argument of relators' counsel is that under said section 3 the bid of Kelly & De Marco is absolutely void, and the comptroller has no discretion in the matter, and that therefore the said provision which gives the comptroller discretion has been repealed by implication; but I do not think that this result necessarily follows. Section 171 of said general city law provides as follows:

"The provisions of this chapter so far as they are substantially the same as those of laws existing on September thirtieth, one thousand nine hundred, shall be construed as a continuation of such laws, modified or amended according to the language employed in this chapter, and not as new enactments."

As above stated, the provision of said section 3, above quoted, is substantially the same as that portion of section 1533 of the charter

first above quoted, and is therefore to be regarded as a continuation thereof. There is, however, no express repeal of the provision of the charter above quoted which gives the comptroller the right to accept or reject an illegal bid; and repeals by implication, especially when such repeal would work an injustice or wrong to the city or its taxpayers, are never favored by the courts. It may well be that, as to other cities of the state, the legislature did not think it necessary or desirable to provide that illegal bids for city contracts might be accepted or rejected at the option of some officer of the city, and at the same time have considered that, as to the city of New York, the provision of the charter giving the comptroller discretion in such matters ought to be left in force; and a good reason for such a difference readily suggests itself. The contracts to be made on behalf of the city of New York by public letting are very numerous, and involve very large sums of money,—in some years many millions of dollars, and it is well known that, through mistake or mere inadvertence, bids are often irregular in form; and it has been found to be extremely desirable that there should be a power in the comptroller to waive irregularities and illegalities which are not prejudicial to the interests of the city and its taxpayers. I am of opinion, therefore, that, assuming, but without deciding, that the general city law, including said section 3, applies to the city of New York, the legislature did not intend to repeal the above-cited provision, which wisely confers upon the comptroller a discretion as to whether irregularities or illegalities in a bid of this kind shall or shall not be waived; and it therefore necessarily follows that the application of the relator for a writ of mandamus to compel the rejection of such bid, and the award of the contract to the relators as the next lowest bidders, or directing that all the bids heretofore received should be rejected, must be denied, with costs.

Application denied, with costs.