(87 App. Div. 277.)

MURPHY v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—CHARACTER OF EMPLOYMENT— GREATER NEW YORK CHARTER.

Under Greater New York Charter, § 1103 (Laws 1897, p. 399, c. 378), authorizing the school boards in the respective boroughs to appoint all teachers and other members of the teaching staff on the nomination of the board of superintendents, etc., the position of a teacher in the school is that of an employé, resting on the contract of employment, and not that of an officer of the city.

2. SAME—ABSENCE WITHOUT LEAVE—DEDUCTION OF SALARY.

Greater New York Charter, § 1070 (Laws 1897, p. 384, c. 378), authorizes the board of education to enact by-laws, rules, and regulations for the disbursement of the school funds, and section 1100 provides that the school board in each borough shall by its by-laws provide for the payment of salaries of school teachers. Section 1091, p. 394, gives each school board power to adopt by-laws regulating the exercise of all powers vested in it, and regulating the exercise of powers by teachers, and for the regulation of all disbursements of the school funds. By Laws 1901, p. 421, c. 186, a teacher's retirement fund was created, into which "all money, pay, or salary forfeited or withheld from any teacher for or on account of absence from duty for any cause was to be paid." *Held*, that under such sections a borough school board had power to enact a by-law providing for the deduction of one-thirtieth of a teacher's monthly pay for each day of absence without leave, and that the amount so deducted should be paid to such retirement fund.

Appeal from Special Term, New York County.

Action by Margaret B. Murphy against the Board of Education of the City of New York. From a judgment in favor of defendant (78 N. Y. Supp. 248), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Frank M. Hardenbrook, for appellant.
Terence Farley, for respondent.

INGRAHAM, J.   The plaintiff was a school teacher in the city of New York, and had been such for a period of about 25 years.   On March 24, 1901, she absented herself from the school in which she was employed, and did not report until September 16, 1901.   During that time she was ill, and unable to work.   On October 4, 1901, she made an application to be excused, with pay, under the provisions of the by-laws of the school board for the boroughs of Manhattan and the Bronx, which application was refused.   She was entitled to an annual salary of $1,020, but the defendants deducted from the salary due her for the months that she was absent without leave the sum of $192.68, and that sum she seeks to recover in this action.

The right of the defendants to make such deduction is to be determined by the charter of 1897 (chapter 378 of the Laws of 1897), as that charter was in force during the entire period during which these deductions were made.   It is now settled that the position of a teacher in a school is that of employé, and not that of an officer; that his employment is contractual, and his right to compensation depends upon the contract of employment.   Steinson v. Board of Education, 165 N. Y. 431, 59 N. E. 300.   By section 1103, p. 399, of the charter, the school boards in the respective boroughs are given power to appoint all teachers and other members of the teaching staff on the nomination of the board of superintendents; and by section 1091, p. 394, each school board is given power to adopt by-laws fixing the salaries of all members of the supervising and teaching staff, such salaries to be regulated by merit, by the grade of class taught, by the length of service, by experience in teaching of the incumbent in charge, or by such a combination of these considerations as the school board may deem proper.   Said salaries need not be uniform throughout any one borough, but the salaries fixed and established and payable in the different schools of the territory consolidated shall be and remain the salaries of the schools in the several boroughs thereby consolidated until the same shall be changed or modified.   By section 1070, p. 384, the board of education was given power to enact by-laws, rules, and regulations for the proper execution of all duties devolved upon the board for regulating the manner of making disbursements from any of the funds apportioned to any borough for school purposes, for the proper execution of all powers vested in it by law, and for the promotion of the welfare and best interests of the schools and public school system of the city in the matters committed to its care.   Section 1100, p. 398, provides that the school board in and for its own borough or boroughs, and subject to the by-laws of the board of education, shall, by its by-laws, provide for the payment of salaries of all principals and teachers of the various schools under its charge, and for all disbursements chargeable to the general school fund apportioned to it for educational purposes therein.   By section 1090 each school board is given power to adopt by-laws regulating the exercise of all powers and duties vested in it by law, the said school board to have power to provide by such by-laws for the government and management of the schools in the borough, for defining the duties of regulating the exercise of the power of its members and committees and of all school officers and borough superintendent and asso-

ciate superintendents, principals, or teachers, for the regulation of all disbursements from the general school fund in the borough, and for the promotion and welfare and best interests of all matters committed to it concerning the public schools and public school system of the city in said borough. The broad power thus given to the school boards and the board of education to appoint all teachers, and to fix their salaries, and to make by-laws for the regulation of all disbursements of the general school fund in the borough, would give the school board power to reduce the salary of any teacher, either by an actual reduction in the amount paid or by providing that the salary of a teacher shall be paid only for the period during which the teacher actually performed service. A teacher being an employé, and his relation to the appointing power contractual, nothing stands in the way of a revisal of his compensation by the authorities having power to fix the salary to be paid to the teacher at any time. The salary of an employé not being an incident to the office, but payment for services rendered, there would certainly be nothing illegal in a provision changing the condition under which the salary is paid, so that it is payable only for the period for which the services are actually rendered. The school board, therefore, has the power to reduce the salary of a teacher by providing that he is to receive no compensation for the days on which he is absent without leave. It is undoubtedly true that until the salary is reduced, or the employé is discharged, he is entitled to receive the compensation agreed upon. The condition of employment, however, does not prevent a change in the amount of salary to be paid, or the imposition of a condition that a deduction should be made from the teacher's salary for a period during which he absents himself from the performance of his duty without leave. By an amendment to the charter of the city of New York (chapter 186, p. 421, Laws 1901), which took effect on the 25th of March, 1901, about the time that the plaintiff first absented herself, provision is made for a school-teachers' retirement fund, which is constituted from several sources, one of which being "all money, pay, compensation, or salary, or any part thereof forfeited, deducted or withheld from any teacher or teachers for or on account of absence from duty for any cause"; the Legislature thus clearly contemplating that provision could be made for the deduction of teachers' pay for absence from duty. In pursuance of the power thus granted, the board of education adopted a by-law (section 27, by-laws of the board of education) making provision for teachers' retirement fund, and therein provided that:

"All money, compensation or salary, or any part thereof, forfeited, deducted or withheld from any teacher or teachers, and not remitted to such teacher or teachers in accordance with the provisions of the by-laws of the borough school boards applicable thereto, shall constitute a part of the teachers retirement fund."

By subdivision 4 of section 74 of the by-laws it is provided:

"One-thirtieth of a month's salary shall be deducted for every day of absence on the part of a principal, supervisor or teacher unless such principal, supervisor or teacher is excused for adequate cause in accordance with rules made by the school board of the borough in which such teacher is employed."

The by-laws of the school board for the boroughs of Manhattan and the Bronx made it the duty of every teacher absent from duty to report promptly in writing to the principal of the school the cause° of such absence, and to state its probable duration, and it was made the duty of the principal, when a teacher is absent for a period longer than three school days, to report the facts without delay to the borough superintendent. Provision is then made by which a teacher's absence may be excused on application to the school board (section 44 of the by-laws of the school board). By section 28 of said by-laws provision is made for a deduction of pay or compensation or salary in case of absence of the teacher without leave. It is there provided:

"The secretary of the board shall certify monthly to the board of education the amount so deducted during the preceding month, and in so certifying, the following rule shall apply: From the amount earnable in any month by any teacher, deduct the amount paid for actual service, the difference between these amounts (less those amounts remitted in accordance with the provisions of these by-laws) shall be deemed applicable to the teachers' retirement fund, said calculation to be made on the basis that one day shall be deemed one-thirtieth of a month."

There can be no doubt, I think, but that the adoption of these by-laws was a valid exercise of the power vested in the board of education and the borough school boards, and justified the deduction from the amount of salary payable to a teacher of the amount specified for each day's absence without leave. The by-laws to which reference is made were in force at the time of the passage of the amendment of section 186 of the charter, and that clearly contemplated a deduction from teachers' salaries for absence without leave, and a disposition of the amount of such deduction by applying it to a fund which was to be paid to teachers who had been disabled while in service, and was a ratification of the by-law of the board of education which provided for a deduction from the teachers' salaries for absence without leave. It would seem to follow, therefore, that the action of the board of education in making these deductions complained of was legal, and that the plaintiff was not entitled to recover for the period during which she performed no service.

The judgment appealed from should therefore be affirmed, with costs. All concur; PATTERSON, J., in result.