MUNNALLY v. BOARD OF EDUCATION OF CITY OF NEW YORK. ·

(Supreme Court, Appellate Term.  February 23, 1905.)

1. MUNICIPAL  CORPORATIONS—EMPLOYÉS—CHARACTER  OF  SERVICE—SEPARATE. OFFICES.

A teacher of gymnastics in the public schools being a mere employé of the board of education, and not an officer of the city, the fact that he· held such position did not disqualify him from service as an attendance officer under Greater New York Charter, Laws 1901, p. 639, c. 466, § 1549, providing that no person shall hold two city or county offices except as is expressly permitted by the act.

2. SAME.

A teacher of gymnastics in the public schools being a mere employé· of the board of education, and not an officer of the city, he was not thereby disqualified to act as attendance officer by Greater New York Charter, Laws 1901, p. 632, c. 466, § 1533, forbidding any officer of the· city to become interested in the performance of a contract, the expense,. price, or consideration of which is payable out of the city treasury.    ·

3. SAME—VOIDABLE CONTRACTS.

Under Greater New· York Charter, Laws 1901, p. 632, c. 466, § 1533, forbidding officers of the city to become interested in· the performance· of a contract, the expense or consideration of which is payable from the city treasury, and declaring that contracts so effected shall be voidable at the option of the comptroller, such a contract is enforceable, in the absence of a showing that the comptroller has exercised his option to· avoid it.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Atwood Munnally against the board of education of the city of New York.  From a Municipal Court judgment in favor of defendant, plaintiff appeals.  Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

George H. D. Foster, for appellant.

John J. Delany (I. Townsend Burden, Jr., of counsel), for re-· spondent.

PER CURIAM.  The position of teacher of gymnastics, which plaintiff's assignor held at the time of his appointment as attendance officer, made him a mere employé of the board of education, and not an officer of the· city (Steinson v. Board of Education, 165 N. Y. 431, 59 N. E. 300), and herein the case at bar differs from McAdam v. The Mayor, 36 Hun, 340, and Fitch v. The Mayor,. 40 Hun, 512.  McAdam was clerk of a bureau in the finance department, and therefore directly within the language of section 59 of the Consolidation Act, Laws 1882, p. 14, c. 410, and in the Fitch Case the learned justice writing the opinion is at much pains to· demonstrate that the plaintiff was an officer and not merely an employé.  If the plaintiff did not hold an office as teacher of gym-· nastics, he did not fall within the prohibition of section 1549 of the· charter, Laws 1901, p. 639, c. 466, which provides that "No person shall hold two city or county offices, except as expressly provided. in this act."  For a like reason he is not one of those persons who,. by section 1533 (page 632) of the charter, are forbidden to become:

interested in the performance of a contract, the expense, price, or consideration of which is payable from the city treasury, and, if he were, such a contract is not by the terms of the charter made absolutely void, but only voidable at the option of the comptroller (Matter of Clamp, 33 Misc. Rep. 250, 68 N. Y. Supp. 345), who in the present case is not shown to have exercised such option. It is expressly stipulated that the duties and hours of the employment in the two positions do not conflict. No question arises as to the assignability of the claim, because it is expressly stipulated that the defendant's sole reason for withholding payment is the belief that the employment is prohibited by statute.

The judgment must be reversed, with costs, and, as all the facts are stipulated to, there should be judgment absolute in favor of plaintiff, with costs.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.