DALY v. O'BRIEN, Com'r, et al.

(Supreme Court, Special Term, Kings County. August, 1908.)

1. MUNICIPAL CORPORATIONS—OFFICERS—COMMISSIONER OF WATER SUPPLY—POWER TO MAKE REGULATIONS GOVERNING BIDS.

The New York City commissioner of water supply, gas, and electricity has no power to make a regulation that bids for public work when submitted by a corporation must be signed in the name of such corporation or by some duly authorized officer or agent who shall also subscribe his own name and office, in the absence of authority given him to do so by the charter and of any ordinance or resolution of the board of aldermen requiring the bids to be signed, passed in pursuance of Greater New York Charter, Laws 1901, p. 186, c. 466, § 419, providing that contracts for work shall be made under regulations established by ordinance or resolution of the board of aldermen.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 856–862.]

2. EVIDENCE—JUDICIAL NOTICE—CITY ORDINANCES AND RESOLUTIONS.

Judicial notice cannot be taken of city ordinances and resolutions of the board of aldermen.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 42.]

3. CORPORATIONS—OFFICERS AND AGENTS—BINDING EFFECT OF OFFICERS' SIGNATURE.

The individual signature of an officer of a corporation followed by the description of his office, "Vice Prest.," to a bid of the corporation to do work on city waterworks, made the bid as binding upon the corporation as if its name had been formally prefixed to the signature.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 1796–1799.]

4. MUNICIPAL CORPORATIONS—OFFICERS—REJECTION OF LOWEST BID.

The entering into a contract by a commissioner of a city department with a higher bidder for work to be done on a city water system after the rejection of the lowest bid for the nonobservance of an arbitrary

unauthorized regulation of the commissioner is an illegal official act, and the contract is void.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 856–862.]

Suit by John Daly against John H. O'Brien, as commissioner of water supply, gas and electricity of the city of New York, and others, for a temporary injunction. Writ granted.

John H. Taylor (Wayland E. Benjamin, of counsel), for plaintiff.

Francis K. Pendleton, Corp. Counsel (J. L. O'Brien, of counsel), for defendants city of New York, John H. O'Brien, and Herman A. Metz.

Edward M. Grout and Paul Grout, for defendant Home Water Main Cleaning Co.

STAPLETON, J. This is a taxpayer's action. The complaint in its allegations embodies all the essential requirements of chapter 301, p. 620, Laws 1892, the act for the protection of taxpayers, and of section 1925 of the Code of Civil Procedure. The concrete application is for a temporary injunction.

The undisputed facts are: The defendant commissioner of water supply, gas, and electricity invited sealed bids or proposals for cleaning water mains and cutting in stopcocks, connections, and blow-offs on water mains in the borough of Brooklyn, to be submitted at his office on Friday, June 26, 1908. Three bidders responded to the invitation. The names of the bidders and the amount of their respective bids were as follows: Donlon Contracting Company, $108,417.50; Home Water Main Cleaning Company, $122,978.50; Ryan-Parker Construction Company, $149,346.30. The Donlon Contracting Company was, in fact, the lowest bidder, and the difference in amount between its bid and that of its nearest competitor was $14,501. On July 3, 1908, the defendant commissioner awarded the contract for the work to the second lowest bidder, the defendant the Home Water Main Cleaning Company. Before the commencement of this action and the date of this application, the precise date not being volunteered by any of the defendants, the city, through its commissioner of water supply, gas and electricity, entered into a contract with the defendant the Home Water Main Cleaning Company for the performance of the work at the price bid by it. The defendant commissioner seems to recognize that it was his legal duty, if he did not deem it for the interest of the city to reject all bids, to award the contract to the lowest bidder. Section 419 of the Greater New York charter (Laws 1901, p. 186, c. 466). He asserts the right to "declare informal" and disregard the bid of the Donlon Contracting Company solely because it was signed "Patrick McMeel, Vice Prest.," although in the body of the instrument it purports to be the bid of the Donlon Contracting Company, as it was violative of a regulation made by him and noted on the blank bid or proposal prepared by his department, to wit:

"In case a bid shall be submitted by or in behalf of a corporation it must be signed in the name of such corporation by some duly authorized officer or agent thereof who shall also subscribe his own name and office. If practicable the seal of the corporation should also be affixed."

112 N.Y.S.—20

It is obvious that a statutory provision designed to prevent favoritism or extravagance might be easily nullified by conferring upon the officer sought to be restrained by its terms the right to establish arbitrary or fanciful regulations, and vesting him with the power to disregard lowest bids for noncompliance with them. I have searched the charter in vain for his warrant to make such a regulation, and impose such penalty for its violation. In sections 419 and 420 thereof the Legislature has established such rules as it was willing to express and committed by the provisions of section 419 extensions 'elaborations or detail to the establishment by ordinance or resolution of the board of alderman. None of the parties has furnished legal proof of the ordinances or resolutions on the subject-matter, and clearly judicial notice cannot be taken of them. I am inclined to think this was not an oversight, in view of a judicial utterance where the ordinances were in evidence, to wit:

"There is no provision of law or ordinance which requires that the bid should be signed." Matter of Clamp, 33 Misc. Rep. 250, 251, 68 N. Y. Supp. 345.

At all events, I can find no provision of law and I have no proof of an ordinance or resolution requiring the bid to be signed.

It was argued that the protection of the city against straw bids demanded such action on the part of the commissioner, because the Donlon Contracting Company could not be held to its bid, signed by its vice president, through an action for damages. If an obligatory contract in any event can be created by an invitation bid and award, the signature was efficient. It made the bid as binding upon the defendant as if its name had been formally prefixed to the signature. Booth v. Farmers' & Mechanics' National Bank, 50 N. Y. 396, 401, and cases cited; Castle v. Lewis, 78 N. Y. 131, 135; Oakes v. Cattaraugus Water Company, 143 N. Y. 430, 38 N. E. 461, 26 L. R. A. 544; Hastings v. Brooklyn Life Insurance Company, 138 N. Y. 473, 479, 34 N. E. 289; Olcott v. Tioga Railroad Company, 27 N. Y. 546, 84 Am. Dec. 298. The Legislature deemed a retention as liquidated damages of a deposit of money in an amount not less than 3 nor more than 5 per centum of the amount of the bond required by the commissioner as adequate protection. Section 420, Greater New York Charter.

The rejection of the lowest bid in this case for the pretext assigned was arbitrary and unwarranted, nullified the statute designed to prevent favoritism, and the contract entered into between the city and the defendant Home Water Main Cleaning Company was illegal and void, and the act of entering into it on the part of the defendant commissioner was an illegal official act. People ex rel. Coughlin v. Gleason, 121 N. Y. 631, 634, 25 N. E. 4. It has been done, however, and cannot be restrained. To make a payment under this void contract illegally entered into with others than the lowest bidder at an excess cost of $14,501 would be waste which it is the aim of the statutes to thwart.

An order may be entered prohibiting the defendant comptroller from paying, and the Home Water Main Cleaning Company from

collecting, any claim or demand for work done in performance thereof during the pendency of this action upon the plaintiff executing a bond with two sureties in the sum of $5,000, conditioned to pay all costs and damages of the defendant Home Water Main Cleaning Company, and a bond with two sureties in the sum of $500 conditioned to pay all costs that may be awarded to the defendant comptroller.