BLUM v. CITY OF NEW YORK.

(Supreme Court, Appellate Term. November 24, 1908.)

MUNICIPAL CORPORATIONS (§ 142*)—EMPLOYÉS—CHARACTER OF SERVICE—SEPARATE OFFICES.

A visiting chaplain in the department of public charities, whose duty was to visit Jewish patients and administer religious consolation, was a mere employé of the department, not an officer of the city, and hence not disqualified from also serving as chaplain of city hospitals, under the Greater New York charter (Laws 1901, p. 639, c. 466, § 1549), providing that no person shall hold two city or county offices except as expressly permitted by the act.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 142.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Abraham Blum against the City of New York. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Francis K. Pendleton, for appellant.
Alex. L. Strauss, for respondent.

MacLEAN, J. On October 28, 1904, the plaintiff was by a resolution of the board of trustees of Bellevue and Allied Hospitals appointed Jewish chaplain for Bellevue and Allied Hospitals at a salary of $450 per annum, and on June 1, 1906, he was also appointed visiting chaplain in the department of public charities at a compensation of $360 per annum. The nature of the services appears to consist in visiting Jewish patients and administering the consolation of their religious faith, and the services in each position do not appear to conflict. Conflict in the rendition of services, or irregularity, unlawfulness, or impropriety of appointment is neither urged nor contended for; the sole contention being that the plaintiff is an officer within the prohibition of section 1549 of the Greater New York charter (Laws 1901, p. 639, c. 466). No case is cited or found directly applicable, nor has "office" been so defined, even by our court of last resort, as to furnish aid in determining the question herein presented. It has been determined that one who has been appointed to administer to the mental (Steinson v. Board of Education of N. Y., 165 N. Y. 431, 59 N. E. 300) or physical (Munnally v. Board of Education, 46 Misc. Rep. 477, 92 N. Y. Supp. 286) needs of our youth is but an employé and not an officer, within the purview of the above prohibition of the charter, and it would seem, and by analogy it must be held, that the plaintiff, who was hired to administer religious consolation to those of a particular faith, is a mere employé of the aforesaid board and department, and not an officer of the city, or one who holds at the same time two city offices. Therefore his action for, and his recovery of, in the court below salary withheld in his earlier position, was right, and the judgment therefore should be affirmed.

Judgment affirmed, with costs to the respondent. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes