In the Matter of the Application of A. W. DOVEL COMPANY, INC., Appellant, for a Peremptory Mandamus Order against the VILLAGE OF LYNBROOK and Others, Respondents.

Second Department, May 29, 1925.

Villages — mandamus to compel board of trustees of village of Lynbrook to award petitioner, lowest bidder, contract for heating plant — neither General Municipal Law, § 88, nor Village Law, requires that contract should be awarded to lowest bidder — board of trustees has discretion — mandamus denied.

A peremptory mandamus order will not be granted to compel the board of trustees of the village of Lynbrook to award to the petitioner a contract for the installation of a heating plant in the municipal hall, though he was the lowest bidder, for neither section 88 of the General Municipal Law nor any provision in the Village Law, under which the village of Lynbrook is organized, requires such a contract to be awarded after advertising and competitive bidding, and, therefore, the board of trustees has a discretion in awarding contracts and is authorized to make an award to one who is not the lowest bidder.

APPEAL by the petitioner, A. W. Dovel Company, Inc., from an order of the Supreme Court, made at the Nassau Special Term and entered in the office of the clerk of the county of Nassau on the 19th day of March, 1925, denying its motion for a peremptory mandamus order to compel the board of trustees of the village of Lynbrook to award to the petitioner the contract for the installation of a heating plant in the municipal hall, on the ground that petitioner's bid therefor, submitted in response to advertisement for bids, was the lowest bid submitted.

*William R. Murphy*, for the appellant.

*Francis G. Hooley*, for the respondents.

PER CURIAM:

If the method of proceeding by the board of trustees in advertising and awarding these public contracts were governed by any statute, there might be some force in petitioner's contention, but neither section 88 of the General Municipal Law (as added by Laws of 1921, chap. 469), nor any provision of the Village Law, under which the village of Lynbrook is organized, requires these contracts

to be awarded after advertisement and competitive bidding. The General Municipal Law simply requires separate and independent bidding for the different classes of work and the awarding of the contract to a responsible and reliable bidder. Nothing in that statute requires advertisement for bids and the awarding of the contract to the lowest responsible bidder, as is required by numerous other municipal charters. The Village Law is entirely silent upon the subject so far as this kind of work is concerned. In the absence of a mandatory statute requiring the letting of a contract by competitive bidding, it is not required. (*Kingsley* v. *City of Brooklyn*, 78 N. Y. 200, 213, 214; *Parr* v. *Village of Greenbush*, 72 id. 463, 471; *People ex rel. Weiss* v. *City of Buffalo*, 84 N. Y. Supp. 434; *Barhite* v. *Home Telephone Co.*, 50 App. Div. 25, 30; *Terrell* v. *Strong*, 14 Misc. 258.)

Under these authorities, it would seem that the board of trustees was authorized to act as they did and award the contract to one known to them to be competent and capable to do the work, even though he was not the lowest bidder. In other words, in the absence of some statutory requirement or evidence of bad faith, it was entitled to use its judgment in awarding this contract to the same extent that an individual would be.

The order should be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., MANNING, KELBY, YOUNG and KAPPER, JJ., concur.

Order denying motion for peremptory mandamus order affirmed, with ten dollars costs and disbursements.