In the Matter of the Application of HONOUR B. GELSON, Appellant, for a Peremptory Mandamus Order against CHARLES W. BERRY, as Comptroller of the City of New York, Respondent.

Second Department, June 12, 1931.

*James J. McLoughlin* [*Peter P. Smith* with him on the brief], for the appellant.

*Willard S. Allen* [*Arthur J. W. Hilly, Corporation Counsel,* and *J. Joseph Lilly* with him on the brief], for the respondent.

PER CURIAM. The petitioner was an active teacher in the public schools until January 1, 1924, when she was retired for disability. The following July she was appointed assistant corporation counsel and has since performed her duties as such officer. In June, 1930, not through any initiative of her own, she was called upon to take a physical examination at the direction of the Teachers' Retirement Board, and thereafter was reinstated as teacher. She was not assigned to any duty but was given a leave of absence. She has

not performed any duties as teacher or received any compensation in that position.

The comptroller has declined to pay her salary as assistant corporation counsel from April 30, 1930, amounting to $3,000. His action is based on section 1549 of the Greater New York Charter (Laws of 1901, chap. 466), which provides in brief that any person who shall hold or accept any other office connected with the city of New York shall be deemed to have vacated any office held by him. As applied to this case it is argued that when the petitioner was reinstated in her position as teacher she vacated the office of assistant corporation counsel and thereby lost the right to receive the salary.

This argument is fundamentally unsound, for it is well established by authority that a teacher is not a public officer, but is only an employee of the board of education. (*Steinson* v. *Bd. of Education of N. Y.*, 165 N. Y. 431; *Gunnison* v. *Bd. of Education*, 176 id. 11, 19; *Murphy* v. *Board of Education*, 87 App. Div. 277; *Munnally* v. *Board of Education*, 46 Misc. 477.) When petitioner was reinstated as teacher she did not thereby hold or accept any other city office — surely not under the circumstances here existing. Nor is there anything inequitable in her claim, as there might be if she were receiving two salaries, in which case she might be denied relief as a matter of discretion.

We think she has earned the salary in controversy and that there is no reason why she should not receive it. The decision in *Matter of Hulbert* v. *Craig* (124 Misc. 273; affd., 213 App. Div. 865; 241 N. Y. 525) is not at all controlling on the state of facts here presented.

The order should be reversed upon the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, as a matter of law and not in the exercise of discretion.

LAZANSKY, P. J., YOUNG, CARSWELL, SCUDDER and DAVIS, JJ., concur.

Order denying motion for a peremptory mandamus order reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, as a matter of law and not in the exercise of discretion.