Cornelius Connelly, Jr., Plaintiff, *v.* City of Elmira and Others, Defendants.

Supreme Court, Chemung County, May 14, 1932.

*Herschel L. Gardner* [*Harry Moseson* of counsel], for certain defendants, for the motion.

*Pulford & Lonergan,* for the plaintiff, opposed.

*Hubert C. Mandeville,* appearing specially for the defendant Standard Oil Company (not served).

Personius, J. The plaintiff, a taxpayer of the city of Elmira, brings this action under section 51 of the General Municipal Law. He seeks to enjoin the city and members of its board of public works from entering into and/or carrying out a contract for the sale of certain merchandise to said city by the defendant Standard Oil Company and to require the purchase thereof by the city from the Mexican Petroleum Corporation, a lower bidder. The defendants, other than the Standard Oil Company, move to dismiss the complaint on the ground that it does not allege facts sufficient to constitute a cause of action.

What facts must be alleged?

At common law a taxpayer could not maintain such an action unless it affected his private interests — his individual interest — " some individual interest, distinct from that which belongs to every inhabitant of the " municipality. (*Roosevelt* v. *Draper*, 23 N. Y. 318, 323.) Therefore, at common law the plaintiff could not maintain this action.

The right to do so has been granted by legislation beginning with chapter 161 of the Laws of 1872 and culminating in section 51 of the General Municipal Law, being chapter 29 of the Laws of 1909. An intermediate act, chapter 673 of the Laws of 1887, was construed by our Court of Appeals in *Talcott* v. *City of Buffalo* (125 N. Y. 280) where the court said (at p. 288): " Full force and effect can be given to the statute by confining it to a case where the acts complained of are without power, or where corruption, fraud or bad faith, amounting to fraud, is charged. Any other construction would subject the discretionary action of all local officers and municipal bodies to review by the courts at the suit of the taxpayers, a result which would burden the courts with litigation, without increasing the efficiency of local administration."

In brief, then, the action may be maintained only where the acts complained of are (1) without power, that is, without authority, or (2) where corruption, fraud or bad faith amounting to fraud is charged. Such construction of the statute seems to have been generally followed. (*Daly* v. *Haight*, 170 App. Div. 469.) On the principle there established it has been held that a common council or other municipal board or commission has the power and right to award a contract without calling for competitive bids, where no statutory or charter provision requires competitive bidding. (*Kingsley* v. *City of Brooklyn*, 78 N. Y. 200, 213; *Matter of Leeds*, 53 id. 400; *Greene* v. *Mayor of New York City*, 60 id. 303.) Likewise such municipal body is not required to award a contract to the lowest bidder in the absence of a statute or charter provision requiring them to do so. (*Matter of Dovel Co.* v. *Village of Lynbrook*, 213 App. Div. 570; *Knowles* v. *City of New York*, 176 N. Y. 430, 438; *Browne* v. *Walker*, 131 Misc. 736.)

The complaint here does not allege any provision in the charter or other statute which required the board of public works to call for bids on the merchandise in question or to award the contract to the lowest bidder.. Concededly there is no such provision.

The plaintiff argues that because bids were called for, the contract must be awarded to the lowest bidder. In the absence of any statute, we do not think this follows. The fact that the board

of public works did that which they were not required to do, and called for bids, cannot be said to take away the discretion vested in them and compel them to do another act not required by any statute, and make a contract with the lowest bidder.

Plaintiff cites numerous cases in which contracts have been held void and illegal. An examination of them discloses that in almost every instance there was a statute requiring the contract to be let upon bids to the lowest responsible bidder. (*Molloy* v. *City of New Rochelle*, 198 N. Y. 402, 403; *People ex rel. Coughlin* v. *Gleason*, 121 id. 631, 633, 634; *Daly* v. *O'Brien*, 60 Misc. 423; *Brady* v. *Mayor of New York*, 20 N. Y. 312; *Lynch* v. *Mayor*, 2 App. Div. 213.)

In *Adamson* v. *Union Ry. Co.* (74 Hun, 3), cited by plaintiff, a franchise was awarded to one railroad for nothing, in the face of an offer of $30,000 therefor made by another railroad. The case did not involve a question of statutory illegality but a question of fraud. No question of pleading was involved. The case had been tried and actual fraud or collusion found. Furthermore, this case is much limited by the case of *Adamson* v. *Nassau Electric Co.* (89 Hun, 261). Municipal bodies may exercise discretion and when honestly exercised it may not be questioned.

In *Matter of Dovel* v. *Village of Lynbrook* (*supra*) the court said: " In the absence of a mandatory statute requiring the letting of a contract by competitive bidding, it is not required. [Citing authorities.] Under these authorities, it would seem that the board of trustees was authorized to act as they did and award the contract to one known to them to be competent and capable to do the work, *even though he was not the lowest bidder*. In other words, in the absence of some statutory requirement or evidence of bad faith, it was entitled to use its judgment in awarding this contract to the same extent that an *individual* would be."

We think the board of public works had the power to let this contract to the Standard Oil Company, although it was not the lowest bidder. Therefore, the action cannot be maintained for want of power to make it.

Does the complaint allege corruption, fraud or bad faith, amounting to fraud? This, under *Talcott* v. *City of Buffalo* (*supra*), is the only other ground upon which the action can be maintained.

The mere general allegations of fraud and conspiracy are of no value in stating a cause of action where there is no allegation of *fact* to support the charge. (*Knowles* v. *City of New York*, 176 N. Y. 430, 437; *Barhite* v. *Home Telephone Co.*, 50 App. Div. 25, 30, 31; *Hearst* v. *McClellan*, 102 id. 336, 340, cited in *Daly* v. *Haight*, 163 id. 239.)

What fact does the complaint state? It contains the formal

allegations of a complaint in a taxpayer's action and alleges that the board of public works advertised for bids for certain bituminous material; that bids were submitted by the defendant Standard Oil Company and by the Mexican Petroleum Corporation; that they were identical except that the latter bid one-half mill per gallon less on item 69; that the board of public works awarded a contract to the Standard Oil Company, the second lowest of four bids. Then the complaint alleges that the award was "arbitrary and illegal and made in the exercise of favoritism with intent to evade the requirements of law relating thereto * * * giving rise to a fraudulent, illegal, unjust and inequitable claim and demand against the city and was a wrongful act of management * * * a palpable violation of law * * * with intent to favor said Standard Oil Company * * *." The only fact alleged in support of the fraud and illegality charged is that the contract was not awarded to the lowest bidder but to the second lowest bidder. The allegations of fraud, illegality, favoritism and the like are all general allegations supported by no other alleged fact. "The terms 'waste' and 'injury' used in this statute comprehend only illegal, wrongful or dishonest official acts." (*Talcott* v. *City of Buffalo, supra,* 286.) Allegations of illegality, waste or injury are likewise general and will not sustain a complaint unless supported by allegations of fact showing the illegality and dishonesty. The plaintiff urges that the allegation of "favoritism" is an allegation of fact. In *Barhite* v. *Home Telephone Co.* (*supra,* at p. 31) the court said: "It is contended that the allegation that the request of Mr. Gleason was ignored 'for the purpose of favoring the defendant, The Home Telephone Company of Rochester, N. Y.,' is an averment of distinct fact upon which the charge of fraud or collusion can be hinged. *It is a bald statement without any coincident fact to justify it,* and the 'favor' may have been from the worthiest of motives." Is there any difference between saying that an official act was "fraudulent" and saying that it constituted "favoritism?" Both, it seems to us, are general allegations which must be supported by facts.

The plaintiff cites *Wenk* v. *City of New York* (171 N. Y. 607), where a complaint was sustained. That complaint alleged that certain lands were leased by a town board; that one Dunton was chairman of the board; that the lands were leased to two men, the only bidders; that the advertisements for bids were not properly published; that the bidders were "in league with said Dunton" and in fact bidding for Dunton; that the latter caused a corporation to be formed to which one bidder transferred his interest, etc.; that said Dunton controlled this corporation and another which

had a part in the development of the lands. It will be seen at a glance that this complaint alleged facts from which collusion and fraud could be inferred. In the present case there is no allegation or contention of any collusion between the Standard Oil Company, or any representative thereof, and the board of public works, or any member thereof. Unless corruption, fraud or bad faith, amounting to fraud, can be inferred from the allegation that the contract was not given to the lowest bidder, the complaint does not allege fraud. We have noted that the board of public works in the absence of any mandatory statute was not required to award the contract to the lowest bidder, but was "entitled to use its judgment" in awarding the contract. (*Matter of Dovel Co.* v. *Village of Lynbrook, supra.*) If the board was entitled to use its judgment, how can fraud or the like be so inferred in the absence of the allegation of any facts indicating collusion or improper motives?

In *Cook* v. *City of Racine* (49 Wis. 243), largely relied on by the plaintiff, sidewalk construction contracts had been let for forty cents per foot in the face of an informal offer by another contractor to build them for twenty-five cents per foot. An individual brought an action to have her assessment voided. There was no charter provision or other statute requiring the award to be to the lowest bidder. Apparently it was not a statutory action. The trial court held that the contract price was unreasonably high.

The court did not hold the assessment void but required the plaintiff to pay twenty-five cents per foot for her sidewalk, or suffer the dismissal of her complaint. No question of pleading was involved. We do not think this case is a compelling decision in favor of the plaintiff here.

We think the complaint must be dismissed. Submit order accordingly.