David J. O'Connor, Esq. Village Attorney, Weedsport
You ask whether a village, as a condition of sale of real property, must declare it to be surplus; whether the real property must be sold at public auction or may be sold through negotiation; and whether there are any notice or advertising requirements prior to sale.
Villages have power to purchase and sell real property as required for village purposes (Village Law, § 1-102 [1]). There are no statutory guidelines for the sale of village real property. We believe that the village board may determine the method of sale, and in its discretion sell real property at public auction or through private negotiated sale (1965 Op Atty Gen [Inf] 74). The village board may impose any notice requirements upon the sale which it considers appropriate. Of course, any sale of real property must be authorized by the board of trustees at a properly noticed public meeting (Public Officers Law, §§ 98, 99). If no provision is made by statute as to the procedure for disposing of municipal property and the conditions of the conveyance, such matters are within the reasonable discretion of the appropriate municipal authorities (McQuillin, Municipal Corporations, 3rd Edition, Volume 10, § 28.44).
Of course, the public interest must be served by the proposed method of sale. In some cases the public interest may be best served by obtaining the highest possible price through sale of the property at public auction. In other instances, there may be other considerations in the public interest which should be weighed by the governing body in determining the method of sale. For example, it may be desirable to sell real property next to a proposed park to adjoining property owners by negotiated sale so that the land use character of the area can be preserved and so that an easement for a pedestrian walkway can be reserved. (See our informal opinion of November 13, 1980, copy enclosed.) Although a higher price may be received by sale at public auction, other public interests would be advanced through private negotiated sale — that is, the pedestrian walkway and preservation of land use character around the proposed park. In some cases the public interest may best be served by a method of sale that does not bring in the largest sum of money. No matter what method of sale is selected, conveyance to a private party must not be for nominal consideration (NY Const. Art VIII, § 1).
Once a governing body, having discretion as to the method of sale of real property, chooses a method for sale, it may not act arbitrarily in making the conveyance. For example, where proposals to purchase real property have been received, the public seller may not unreasonably disregard a proposal duly submitted which represents the highest price among all proposers (Matter of Ross v Wilson, 308 N.Y. 605 [1955]). However, we believe that a governing body with statutory discretion as to method of sale of real property, if in the public interest, may sell real property through public auction, private negotiated sale, request for proposals or other reasonable method (Matter of Ross v Wilson, supra; cf. Kingsley etal. v City of Brooklyn, 78 N.Y. 200 [1879]; Matter of Dovel Co., Inc. vVillage of Lynbrook, 213 App. Div. 570 [2d Dept, 1925]).
There is no statutory requirement that real property be declared surplus before it may be sold, but there are restrictions on the sale of certain publicly owned land. For example, wharves, cemeteries and parks are held in public trust and may not be diverted to other uses or sold without legislative authorization (People ex rel. Swan v Doxsee, 136 App. Div. 400,403 [2nd Dept, 1910], affd on opn below 198 N.Y. 605 [1910]; BrooklynPark Commissioners v Armstrong, 45 N.Y. 234 [1871]). Generally, public land should not be sold or leased except upon a finding by the legislative body that it is no longer needed for public use.
We conclude that a village board may, in its discretion, sell real property at public auction or through negotiated sale and invoke whatever notice requirements it deems appropriate.