PEMBAR, INC., Plaintiff and Appellant, v. KNAPP, Commissioner of Public Works of City of Milwaukee, and others, Defendants and Respondents: KUETEMEYER PLUMBING COMPANY, INC., and others, Defendants and Respondents.

KUETEMEYER PLUMBING COMPANY, INC., Plaintiff and Respondent, v. CITY OF MILWAUKEE and others, Defendants and Respondents: ZIEN PLUMBING & HEATING COMPANY and others, Defendants and Appellants.

*October 4—October 31, 1961.*

528

For the appellants there was a brief and oral argument by *Philip W. Croen,* attorney, and *Edward S. Grodin* of counsel, both of Milwaukee.

For the respondents there was a brief by *Quarles, Herriott & Clemons* of Milwaukee, for the Kuetemeyer Plumbing Company, Inc., and by *John J. Fleming,* city attorney, for the city of Milwaukee, Board of Trustees of Public Museum, and Lloyd D. Knapp, attorneys, and *James C. Mallien* and *George A. Bowman, Jr.,* both of Milwaukee, of counsel, and oral argument by *Mr. Mallien.*

BROWN, J.  Both cases present these issues:

(1) Does the Milwaukee museum board have authority to execute public-improvement contracts for the erection and construction of a new city museum?

(2) If so, is the board required to let such contracts under competitive bidding?

(3) Once the board authorized advertising for bids is it bound to award the contract on the basis of such bids? The advertisement did not represent that the lowest responsible bidder would be awarded the contract.

In considering the question of the requirement for competitive bidding and the respective powers of the museum board and the city commissioner of public works to authorize such bidding, the following statutes and city ordinances are applicable.

Sec. 43.35, Stats. (sec. 18.01, Milwaukee city charter), authorizes the city to establish and maintain a public museum.  Sec. 43.36, Stats. (sec. 18.02, Milwaukee city char-

ter), provides for the appointment of a board of trustees to administer the museum. Sec. 43.39, Stats., provides for disbursement of museum funds and also requires that all moneys appropriated for museum purposes shall be paid to the city treasurer and credited to the museum fund.

Sec. 43.41 (1), Stats. (sec. 18.07, Milwaukee city charter), provides:

"SITE, BUILDINGS, AND EQUIPMENT. (1) The board of trustees of each such institution shall erect, purchase, hire, or lease buildings, lots, rooms, and furniture for the use and accommodation of the institution, and shall enlarge, improve, and repair such buildings, rooms, and furniture; but shall not erect, purchase, lease, or enlarge any building or lot without express authority of an ordinance or resolution of the common council. All deeds of conveyance and leases shall run to the city."

Further applicable sections will be cited in the discussion.

Appellants take the position that the museum board is without authority to enter into construction contracts for a city museum. Their theory is that such power resides only in the commissioner of public works, citing *Koch v. Milwaukee* (1895), 89 Wis. 220, 62 N. W. 918, in support of this contention. This case did hold that the Milwaukee common council is the only body with original power to erect and construct the public library-museum, though the council may ratify the unauthorized acts of others. However, the trial court held that the laws affecting the museum board have so changed since 1895 as to overturn the rationale of *Koch* with respect to the power of the museum board. Appellants point out that *Koch* was cited with approval in *Ellerbe & Co. v. Hudson* (1957), 1 Wis. (2d) 148, 83 N. W. (2d) 700, 85 N. W. (2d) 663. Our approval was limited to the *Koch* statement pertaining to ratification and was not on grounds applicable to this controversy.

Respondents cite certain statutes passed after *Koch v. Milwaukee, supra,* such as ch. 41, Laws of 1895, and its later version, ch. 452, Laws of 1921. These statutes took the place of ch. 93, Laws of 1891, which governed the *Koch Case.* In the later statutes, the legislature vested a board of trustees of institutions with the power of erecting buildings for the use and accommodation of the institution. This is now sec. 43.41, Stats. Thus, the *Koch Case* is not applicable here.

Appellants also cite sec. 7.17 of the Milwaukee city charter to support their contention that the commissioner of public works has authority to erect a public museum. As amended by ordinance 112, sec. 7.17 provides:

"Sec. 2. It shall be the duty of the commissioner of public works to take special charge and superintendence, subject to such ordinances as may be lawfully passed by the common council, of all streets, alleys, highways, sidewalks, crosswalks, bridges, walks, public grounds, engine houses, and of all other public buildings and grounds belonging to the city or any of the wards of such city, except such public grounds as under the laws of this state or the charter provisions or ordinances of the city of Milwaukee are otherwise under the care and supervision of other officers; of all sewers and the work pertaining thereto; and of all public works commenced or undertaken by such city, except as otherwise expressly provided by law. He shall have power to make contracts in the name and behalf of the city in the manner and under the limitations prescribed by the laws of this state or the charter of the city of Milwaukee having reference to the board of public works or the commissioner of public works. He shall perform all the duties prescribed by this charter ordinance, and such duties as are now executed by boards of public works in cities of the first class to which chapter 297 of the Laws of 1907 shall apply, and such other duties as the common council may from time to time require. It shall be his duty to supervise and control the collection, removal and disposal of garbage in the city, subject to such ordinances and resolutions as the common council may adopt."

This section does not support appellants' position because thereby the commissioner is given authority only over those buildings not under the care and supervision of other officers. Sec. 43.37 (2), Stats., and sec. 18.03 (2) of the Milwaukee city charter give this power of "care and supervision" to the museum board of trustees.

Concluding, therefore, that the museum board had the power to enter into such a construction contract, the question remains whether it must let the contract by using a competitive-bidding system.

Unless appellants can show such authority, the museum board does not have to resort to competitive bidding. *Cullen v. Rock County* (1943), 244 Wis. 237, 240, 12 N. W. (2d) 38, held that, " 'In the absence of charter or statutory requirement, municipal contracts need not be let under competitive bidding.' " Also see 10 McQuillin, Mun. Corp. (3d ed.), pp. 272–274, sec. 29.31.

Appellants first cite sec. 7.29 of the Milwaukee city charter to support their contention that competitive bidding is required. This section provides all work and the purchase of supplies and equipment, chargeable to any city fund when the cost exceeds $500, must be done under competitive bidding. As the work here is over $500, appellants reason that there must be competitive bidding. The key phrase here is "chargeable to any city fund."

Sec. 43.39, Stats., provides:

"LIBRARY AND MUSEUM FUNDS; EXPENDITURES. (1) Public library and public museum funds appropriated to said institutions by the common council shall not be used or appropriated, directly or indirectly, for any purpose other than the maintenance *and increase,* payment of the salaries of the librarian or custodian and employees, purchase of fuel, supplies, furniture and fixtures, or incidental repairs *of said institutions,* respectively.

"(2) All moneys appropriated for the purposes of said institutions shall be paid over to the city treasurer and

credited to said funds, respectively. Each board of trustees shall provide for all necessary expenditures from each said fund, and all disbursements shall be made on orders of the president and secretary of the board, countersigned by the city comptroller; but, except as expressly provided otherwise, the board shall not in any one year expend or incur any liability for any sum in excess of the amount allocated to each such fund by the common council." (Our emphasis.)

Thus, respondents conclude that these were not city funds under the control of the common council, but actually separate museum funds to be administered by the museum board of trustees. Therefore sec. 7.29 is not a charter requirement for competitive bidding.

Appellants submit that sec. 43.39, Stats., applies only to funds set up to run the museum in its normal day-to-day affairs and the appropriations of the common council for the new museum were a "city fund" and not a "separate fund" under sec. 43.39. Certainly the fund is designated as a separate fund and disbursements are made only on order of the board's officers. We concur in the trial court's interpretation that "the maintenance and increase . . . of said institutions," includes erection of the museum and pending disbursement the appropriated moneys standing to the credit of the museum fund constitute a separate fund.

Appellants also cite sec. 7.20 of the Milwaukee city charter as authority for competitive bidding. This section requires competitive bidding on public works "ordered" by the common council. Since here the council "authorized" the appropriation, appellants argue that competitive bidding through the public works commissioner is essential.

This contention begs the question of whether the authority was vested in the common council through the public works commissioner or in the public museum board. We find this authority rests in the museum board under secs. 43.35 to 43.41, Stats. (already discussed). Sec. 7.20 is not applicable.

The museum board authorized the public works commissioner to advertise for bids. This presents the question whether the board is bound to accept the lowest of the bids.

Earlier in this opinion we determined that the museum board was not *required* to let the contract by competitive bid. *Cullen v. Rock County, supra,* then controls, wherein this court determined that where no bidding requirement was present, the governmental agency could make any sort of contract to construct a building that it deemed provident. The court viewed the question as one of contract rather than of statutory duty. According to the *Cullen Case,* the museum board could have accepted or rejected any of the bids whether regular or irregular. It was bound only by the rules of contract and the bids were to be considered analogous to offers.

The trial court also mentioned that even if competitive bidding was required, it did not feel that the museum board acted capriciously in accepting the substitute bid. By accepting this bid, the court points out that it saved the city $6,067 on the electric air-filter contract.

We conclude that the Pembar complaint and the cross-complaints failed to state causes of action. Demurrers to them were correctly sustained.

*By the Court.*—Orders affirmed.

FAIRCHILD, J. (*dissenting*). In my opinion the museum fund is also a "city fund" and competitive bidding was therefore required by sec. 7.29 of the charter.