JAMES C. EATON, District Attorney, Barron County
You request my opinion whether a committee of the county board, which has been delegated the responsibility of operating the county lime quarry, may purchase a diesel engine at a cost of $37,000.00 without taking bids and without letting the contract to the lowest responsible bidder.
You state that the engine is rated at 510 horsepower, is skid-mounted and affixed to a base by means of clamps but is not bolted to its mount. No wiring is involved; the engine is movable with great effort and is not covered or located in any type of building.
I am of the opinion that the county board of supervisors or any duly appointed and properly constituted committee thereof[1]
would have power to make such a purchase without resort to competitive bidding if the board had not enacted an ordinance or resolution requiring competitive bidding on this type of purchase and if the board had appropriated the funds for such purpose.[2] *Page 199 
Section 59.08 (1), Stats., as amended by ch. 244, Laws of 1975, provides:
 "All public work, including any contract for the construction, repair, remodeling or improvement of any public work, building, or furnishing of supplies or material of any kind where the estimated cost of such work will exceed . . . $5,000 shall be let by contract to the lowest responsible bidder. The contract shall be let and entered into pursuant to s. 66.29, except that the board may by a three-fourths vote of all the members entitled to a seat provide that any class of public work or any part thereof may be done directly by the county without submitting the same for bids. This section . . . does not apply to highway contracts which the county highway committee is authorized by law to let or make."
Some types of machinery may constitute fixtures rather than equipment and installation would thus constitute improvement of a public work and require purchase by competitive bids. See Stateex rel. Gisholt v. Norsman, 168 Wis. 442, 169 N.W. 429 (1919), and Wisconsin Dept. of Revenue v. Smith Harvestore Products,Inc., 72 Wis.2d 60, 240 N.W.2d 357 (1976).
In Harvestore, supra, the court stated at pp. 67, 68:
 "`". . . Whether articles of personal property are fixtures, i.e., real estate, is determined in this state, if not generally, by the following rules or tests: (1) Actual physical annexation to the real estate; (2) application or adaptation to the use or purpose to which the realty is devoted; and (3) an intention on the part of the person making the annexation to make a permanent accession to the freehold."'"
The diesel engine in your question at most meets only the second portion of the three-part test. It is a heavy piece of machinery, clamped to skids, but movable, and designed to be moved to various locations in the lime quarry. It is not located within a building and is not connected to the real estate by bolts to a fixed platform and does not involve electric wiring. It does not constitute an improvement to a public work.
The issue therefore is whether such an engine is comprehended within the terms "supplies or materials." If this piece of equipment constitutes "supplies or materials," it has to be let by competitive *Page 200 
bids. If it does not, the contract need not be let by competitive bidding and the county may make the contract it deems most provident. Cullen v. Rock County, 244 Wis. 237, 240, 12 N.W.2d 38
(1943); Pembar, Inc. v. Knapp, 14 Wis.2d 527, 111 N.W.2d 476
(1961); Consolidated School Dist. v. Frey, 11 Wis.2d 434,105 N.W.2d 841 (1960).
If the contract is not subject to the bid section, the county could invite bids and reject any or all bids, or contract on the basis of reasonable business judgment with one who is not the low bidder. Menzl v. Milwaukee, 32 Wis.2d 266, 271, 145 N.W.2d 198
(1966).
35 Op. Att'y Gen. 88 (1946) attempted to define "supplies and materials." It was determined that a contract to buy an FM radio to be used in aiding the highway committee in snow removal work could not be classified as a contract for the furnishing of supplies or material. The opinion reasoned:
 ". . . Words of a statute are required to be construed according to the common and approved usage of the language. Sec. 370.01 (1); Wisconsin B. I. Co. v. Ind. Comm., (1940) 233 Wis. 467 at 478. The word `supplies' is ordinarily considered to mean something that is used or consumed or which is capable of such use. See United States Rubber Co. v. Washington E. Co., (1915) 86 Wash. 180, 149 P. 706, L.R.A. 1915 F 951. The word `materials' is usually understood to mean something that enters into or forms part of a finished structure or which is capable of such use. United States Rubber Co. v. Washington E. Co., supra. See also Southern Surety Co. v. Metropolitan S. Comm., (1925) 187 Wis. 206 at 216. There are, of course, numerous cases involving the question of whether a particular commodity or article is included within the words `supplies' or `materials' or both. So far as we can determine none has gone so far as to hold that an FM radio or anything comparable to it is included within either. Such authority as there is, most nearly in point, supports the view that an FM radio would not ordinarily be considered as falling within the designation `supplies' or `materials.' Peter's Garage, Inc. v. City of Burlington, (1939) 121 N.J.L. 523, 3 A. (2d) 634 . . . affirmed 123 N.J.L. 227, 8 A. (2d) 910. . . ."
The court in Peter's Garage, Inc., supra, held that a contract to purchase a dump truck does not fall within a statute requiring a city *Page 201 
to award contracts for furnishing of "materials, supplies or labor" to the lowest bidder. A dump truck is an "apparatus," not "materials" or "supplies." The court also cited cases where contracts for the purchase of a combination pumper, chemical and hose wagon, a fire truck and miscellaneous fire equipment, a chemical engine, a truck chassis, an oil burner and voting machines were held not within the purview of the statute.
The reasoning in 35 Op. Att'y Gen. 88 (1946), was reiterated in 47 Op. Att'y Gen. 69 (1958), where it was determined that a contract to purchase farm machinery by a county for use in limited farming operations conducted at the county hospital was also not subject to the competitive bidding requirements of sec. 66.29 through sec. 59.08(1). The farming machinery was considered "equipment," not "supplies" or "material."
Also see 40 Op. Att'y Gen. 22 (1951), wherein it was stated that equipment such as mattresses, chairs and dressers for a county hospital were not supplies or materials under sec. 59.08, Stats., and 46 Op. Att'y Gen. 9 (1957), wherein it was stated that furniture for a county home was equipment rather than supplies or materials.
I am of the opinion that the diesel engine is not a public work, an improvement of a public work, or supplies or materials within the meaning of secs. 59.08(1), 66.29(1)(c). Stats., but constitutes equipment and would not be required to be purchased through competitive bidding procedures absent resolution or ordinance by the county board requiring such procedure.[3]
In closing, it is appropriate to point out that the narrow statutory distinction discussed in this opinion is but one of many statutory inconsistencies which contribute to the current unfortunate lack of uniformity in our local bidding laws. This is surely an area of the law presently in need of serious legislative consideration.
BCL:RJV
[1] French v. Dunn County, 58 Wis. 402, 17 N.W. 1 (1883);Forest County v. Shaw, 150 Wis. 294, 136 N.W. 642 (1912); FirstSavings Trust Co. v. Milwaukee County, 158 Wis. 207,148 N.W. 22 (1914).
[2] Whether the resolution creating the agricultural committee, under sec. 59.06, Stats., does authorize the committee to make any purchases or purchases of this type without competitive bidding cannot be answered without examination of such resolution. Examination at the county level would also be necessary to determine whether the board had appropriated funds necessary for such purchase.
[3] Section 59.07(7), Stats., authorizes a county to appoint a purchasing agent and to require that all purchases, including equipment and supplies or materials, other than those involved in highway contracts a county highway committee is authorized to make, be made in the manner the county board specifies. See 47 Op. Att'y Gen. 323 (1958), and sec. 83.015(2), Stats. I am advised that your county does not have an ordinance which requires purchases of equipment, supplies or materials to be made by competitive bid. *Page 202