(No. 27377.—

THE NORMAL STATE BANK, Appellee, *vs.* WILLIAM A. KILLIAN *et al.*, Appellants.

*Opinion filed March 21, 1944—Rehearing denied May 11, 1944.*

STONE & TAYLOR, of Bloomington, for appellants.

NORBERT B. TYRRELL, and SIGMUND LIVINGSTON, both of Chicago, ARTHUR H. SHAY, of Streator, and BRACKEN, LIVINGSTON & MURPHY, of Bloomington, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

On September 10, 1932, the circuit court of McLean county entered a judgment in favor of plaintiff, the Normal State Bank, and against defendants, William A. Killian and Elizabeth Killian, for $14,431.61. On September 8, 1939, a second execution was issued on said judgment and delivered to the sheriff of said county. The day it came into his hands, he levied on "all right, title and interest of William A. Killian and Elizabeth Killian," in certain lands which were fully described in the certificate of levy. The description included about 600 acres of farm land, which, for more convenient reference, will be designated herein as tracts A, B and C. Eight days after the levy was made, defendants filed a motion in which they asked that the levy and execution be quashed. After a hearing of evidence an order was entered which denied the motion to quash the execution but directed that the levy be quashed and the lands described in the certificate of levy be discharged therefrom. Plaintiff appealed to the Appellate Court from such order, limiting its appeal to that part of the order which pertained to the right, title

and interest of William A. Killian in the lands described in the certificate of levy but elected to abide by said order as to any interest Elizabeth Killian had in the same lands. The Appellate Court reversed that part of the order appealed from and remanded the cause with directions to enter an order denying the motion to quash *in toto*. We granted leave to appeal.

The evidence introduced at the hearing was not incorporated into the record as filed in the Appellate Court or as it is presented here. The record now before us consists of the execution, the certificate of levy, defendants' motion to quash and the order appealed from. It is alleged in the motion that defendant William A. Killian filed a voluntary petition in bankruptcy and on January 6, 1933, was duly adjudged a bankrupt. This was within four months of the entry of plaintiff's judgment which was listed in the bankrupt's schedule of liabilities as a provable claim. In due course, plaintiff's claim was filed and duly allowed as an unsecured debt. Plaintiff exercised its right as a creditor and participated in the selection of a trustee. It is set forth that on April 23, 1936, an order was entered by the Federal court in the bankruptcy proceeding which discharged William A. Killian from all debts and claims which existed and were provable when he was adjudged a bankrupt January 6, 1933.

It further appears from the allegations in the motion that Michael Killian, the father of the defendant William A. Killian, died in 1913 and at the time of his death owned all the lands described in the certificate of levy in this case. By the third clause of his will his widow was devised a life estate in all of said lands and was given power of sale. Testator had five children who were made beneficiaries in the will. The daughter, Mary A. Kelly, was named as a devisee in the fourth clause as to the lands described therein and which is referred to herein as tract A. William A., defendant herein, was a beneficiary as to tract B under

the fifth clause and Edmond J. as to tract C under the sixth clause. The language employed by the testator in the fourth, fifth and six clauses was identical except as to the description of the real estate devised, the beneficiary named and the amounts that the respective beneficiaries were to pay annually to the other two children of the testator. The fifth clause described the land included in tract B and directed that at the death of the widow it should "go to and vest in my son William A. Killian, to whom the above land is given, devised, and bequeathed with this express condition, namely: That' he shall not sell nor convey the same during his life time, but he may during his lifetime and after the death of my said wife, make such conveyance of the same as he may desire; said conveyance, however, not to take effect until after the death of the said William A. Killian, and with this further express condition, namely: That the said William A. Killian shall pay on the first day of June of each and every year after the death of myself and my wife, the sum of Three Hundred ($300.00) Dollars to my son, John J. Killian during his lifetime and the land hereby devised to my said son, William A. Killian, is hereby charged with the payment of the above sums as herein provided. In case said William A. Killian shall convey or attempt to convey the said land or any part thereof contrary to the provisions of this will, his title thereto shall be deemed forfeited and the land herein granted to him shall revert to and become a part of my estate." By the eighth clause testator bequeathed to his son John the annual payments which the daughter Mary and William A. were required to pay. It was provided in the ninth clause that if the wife of William A. should survive him, she should have a life estate in a part of tract B. The eleventh clause provided that if either Mary, William or Edmond should die prior to the death of the widow leaving child or children, then such child or children should take "the full share of such de-

ceased child, subject to all the conditions of this will."
It further provided, that if either of said three children
should die prior to the death of the widow leaving no
child or children, then the property bequeathed to such
child should go to the survivor of such three children sub-
ject to the annual payments to the other children.

It is further alleged that William A. Killian set forth
the fifth, eight, ninth and eleventh clauses of his father's
will in his schedule of assets, listing it as "interests in land"
under the heading for reversion, remainder and interests
in expectancy. Thereafter, the trustee in bankruptcy filed
a suit in the circuit court of McLean county to construe
the will of Michael Killian and alleged that "all right,
title and interest of William A. Killian acquired by virtue
of said will is now vested in the complainant" and asked
for "a construction of said will and a determination of
what rights and interest, if any, in the property mentioned
in said will passed to the Trustee in Bankruptcy." The
five children of Michael Killian mentioned as beneficiaries
in the will and the four children of William A. Killian
were made parties defendant. Answers were filed, and on
April 27, 1936, a decree was entered which found that a
question had arisen as to what interest, if any, the trustee
in bankruptcy took in the land described, referred to herein
as tract B. It contained a finding that Michael Killian left
Maria Killian his widow, and five children his only heirs-
at-law; and that the widow and all the children were then
living. It construed the will as giving William A. Killian
a contingent interest in the lands described in the fifth
clause, tract B, "to vest only in the event that he survives
Maria Killian, his mother, in which event he will become
vested with an estate for life in said premises with the
power to convey limited, however, by the condition" set
up in the fifth paragraph of the will of Michael Killian
and that the devise was subject to the provision in refer-
ence to the annual payments to John. It concluded "that

on January 6, 1933, the day on which he [William A. Killian] was adjudged as a bankrupt, he had no interest in the said premises, which was subject to seizure or sale upon execution or that could have been otherwise transferred." This decree was affirmed by this court. (*Riddle* v. *Killian*, 366 Ill. 294.) Thereafter, the trustee made a final report which was approved and the bankruptcy proceeding closed.

It is further set forth in the motion that on or about December 1, 1937, the plaintiff herein filed a petition in the Federal district court praying that William A. Killian's discharge in bankruptcy be set aside and the estate reopened, and that "the said William A. Killian had such an interest in the lands described in his Schedule as would pass to the Trustee in Bankruptcy, and that a new Trustee should be appointed and said premises applied to the payment of the indebtedness of said William A. Killian." William A. Killian was a party defendant. He filed an answer and on January 5, 1938, the district court entered an order finding that at the time William A. Killian was adjudged a bankrupt he had no such title or interest in and to the property described in the petition as would pass to a trustee in bankruptcy and that whatever interest he had in such lands the same was not assets of said estate. Reference herein to the interest of defendant means to the interest of William A. Killian.

The questions for consideration arise out of the conflicting views of the parties as to the legal effect to be given the orders and decree entered in the proceedings set forth in defendant's motion to quash. Plaintiff concedes that certain interests of defendant in the lands described in the will of Michael Killian were fully and finally adjudicated by the orders and decree mentioned but plaintiff argues that defendant has interests other than those received by devise which were not administered in the bankruptcy proceeding and which were not involved in the pro-

ceeding to construe the will. The interest consisting of the life estate devised to defendant, which was held in *Riddle* v. *Killian,* 366 Ill. 294, to be contingent, has, by the death of the widow which occurred since that opinion was rendered, become a vested estate, but plaintiff does not claim that any right arose out of that fact which would support its levy on the lands in question. It is contended that defendant has inherited, as intestate property of Michael Killian, an undivided one-fifth in the reversionary interest testator reserved after devising a life estate to Mary in tract A, a life estate to William in tract B, and a life estate to Edmond in tract C. It will be noted that each of said life beneficiaries was given a restricted power of sale which, if exercised in the manner directed by the will, would prevent any of the title reverting to the estate of testator, but in view of the limited grounds urged for reversal it will not be necessary to construe the will to determine the extent of the limitations on such possibility of reverter.

Defendant neither adopts nor refutes plaintiff's theory of interpretation of the will but rests his defense upon the sole ground that all interest he had in tracts A, B and C, whether by devise or descent, were adjudicated and determined by the bankruptcy proceedings and the proceeding to construe the will. In short, he claims that (1) the decree entered in the suit to construe the will of Michael Killian and its affirmance by this court, (2) the order of the bankruptcy court discharging defendant in bankruptcy, and (3) the order of the district court denying plaintiff's petition to reopen the bankruptcy proceeding, operate as an estoppel by judgment to bar plaintiff's execution demands.

When defendant was adjudged a bankrupt, January 6, 1933, the title to his property vested in the trustee as of the date of the filing of the petition in bankruptcy, (*Isaacs* v. *Hobbs Tie & Timber Co.* 282 U. S. 734, 75 L. ed. 645, 51 Sup. Ct. Rep. 270,) and thereafter the administration of the bankrupt's estate and the bankrupt's final discharge

were within the jurisdiction of the bankruptcy court. Under the circumstances shown, plaintiff's only right was to have its claim allowed in the bankruptcy court and to participate in the distribution of the assets collected and administered by the trustee. All rights to collect its judgment by means of execution were stopped by the bankruptcy proceeding. It is alleged in the motion that plaintiff not only participated in the routine matters in the bankruptcy proceeding but that it furnished financial aid to the trustee in perfecting the appeal on the will-construction case to this court. In view of the change the bankruptcy proceeding made on plaintiff's rights as defendant's creditor and its relation to the proceeding, it must, under the circumstances shown, be held that plaintiff in this action stands in the position of a privy to the trustee in bankruptcy and thereby is bound by all the matters litigated in the trustee's name.

In considering the effect of the various court orders and decree, it should be noted that this court, in applying the doctrine of estoppel by judgment, has always differentiated between the finality of a judgment as a bar or estoppel where the second demand is for the same cause of action and between the same parties or their privies as the former action and those cases where the second action is between the same parties but upon a different claim or cause of action. In the former, the judgment operates as an estoppel not only as to every matter actually litigated in the prior action but extends to all grounds of recovery or defense which might have been presented. (*Harding Co.* v. *Harding*, 352 Ill. 417; *Markley* v. *People ex rel. Kochersperger*, 171 Ill. 260; *Wright* v. *Griffey*, 147 Ill. 496.) If the second action is between the same parties but upon a claim or demand different from the one litigated in the first action, then the parties are estopped only as to those matters in issue or points controverted in the former action the determination of which formed the basis of the judgment. *Harding Co.* v. *Harding*, 352 Ill.

417; also see *Cromwell* v. *Sac County*, 4 Otto 351, 24 L. ed. 195.

Defendant earnestly contends that the decree entered in the suit to construe the will is final and conclusive against plaintiff's claims in this action. Reference to the decree entered in that cause discloses that tract B is the only real estate described therein. The paragraphs of the will which are referred to are limited to those in which defendant was named as a beneficiary or the ones that impose the contingencies upon the interest devised to him. The ordering part of the decree is limited to tract B and adjudges that William A. Killian had no interest in the said premises (tract B,) the day he was adjudged a bankrupt, that was subject to seizure or sale upon execution. Plaintiff calls attention to the fact that after the opinion of this court was filed in the will-construction case, the trustee in bankruptcy filed a petition for rehearing and in certain paragraphs of such petition the attention of the court was called to the interest which it was claimed William A. Killian had in the reversion. In the paragraphs referred to, it was stated that such interest was vested and passed to the trustee in bankruptcy. The petition for rehearing was denied. From the facts stated, it is clear that the only interest included within the express language of the decree was the interest which defendant received as a benficiary of the will in tract B. The interest which it is now claimed defendant had in tracts A, B and C as an heir-at-law was not within the scope of judicial determination in that proceeding. The language of the opinion of this court affirming the decree supports this conclusion.

If this decree operates as an estoppel against plaintiff's execution demands, it must be upon the principle that all the interest defendant had in the lands, both as beneficiary under the will and as an heir-at-law, should have been determined and fixed in that proceeding. No doubt the interests were of such a character that they might well

have been included and settled in that suit, but since there is an order of the Federal court which serves as a complete bar to the plaintiff's claim, we do not deem it necessary to determine, in this proceeding, whether the decree entered in the suit to construe the will should, under the circumstances, operate as an estoppel to matters that were not included within its terms but which could have been litigated and determined in that proceeding.

The order alluded to is the one entered by the Federal district court denying plaintiff's petition to set aside the order discharging defendant in bankruptcy, to reopen the bankruptcy proceeding and reappoint the trustee. The petition filed by plaintiff in that proceeding is not in the record, but the order entered denying it, together with other facts, show quite conclusively that plaintiff's prayer to reopen the whole bankruptcy matter was based upon its contention that the defendant had assets which had not been administered in the bankruptcy proceeding. Plaintiff's petition was filed on December 1, 1937, about six months after the opinion of this court in the will-construction case had become final. It fixed and determined the interests defendant had taken as a beneficiary under the will in tract B. That decree was, as to the matter included therein, binding upon the bankruptcy court and it must be assumed that plaintiff was not undertaking to obtain an order of the Federal court to reopen for litigation the extent of defendant's interest as a beneficiary under the will. It is obvious that it was then asking that the bankruptcy proceeding be reopened for the purpose of administering upon the very interest which the trustee in bankruptcy had referred to in its petition for rehearing filed in this court, namely: defendant's undivided interest in the reversion. The order entered denying the petition contains the finding "that William A. Killian, at the time of the filing of the petition upon which he was adjudged a bankrupt, had no such title or interest in and to the property mentioned in

said petition to reopen said cause, as would pass to a Trustee in Bankruptcy, and that the same did not constitute assets in said estate, and it is therefore ordered that the petition to reopen, etc. be and the same is hereby denied." This order was not appealed from and remains in full force and effect.

It may be that plaintiff alleged in its petition that the bankrupt had withheld assets from the trustee but the order does not dispose of it on that ground. However, it is alleged in the motion to quash that defendant, in his schedule of assets filed in the bankruptcy proceeding (Schedule B4) which purported to describe the property of the bankrupt "in reversion, remainder or expectancy" and under the heading "interest in land," set forth all of the fifth, eighth and eleventh clauses of the will of Michael Killian. This was sufficient to apprise the trustee in bankruptcy and those interested in that proceeding of any interest which the bankrupt had in the lands described in the will, whether it be an interest as a beneficiary under the will or as an heir-at-law. There is no evidence which proves that the bankrupt fraudulently withheld assets.

The parties to the proceeding in the Federal district court were the same as the parties to this action and the order entered on such petition is final and conclusive of the issue therein determined. It disposes of the same question that is presented in this case and it must be held that it operates as an estoppel by judgment against the levy which plaintiff caused to be made under its execution.

The order of the circuit court quashing the levy was correct and the Appellate Court erred in reversing it. The judgment of the Appellate Court is reversed and the order of the circuit court is affirmed.

*Appellate Court reversed; circuit court affirmed.*