Geza Lakatos, Lajos Gsonka and Andrew Horvath, Assignees of George Garda, Plaintiffs-Appellants, v. Prudence Mutual Casualty Company, a Mutual Insurance Company, Defendant-Appellee.

Gen. No. 52,189.

First District.

August 1, 1969.

311

Jerome H. Torshen, of Chicago (Benjamin H. Cohen, of counsel), for appellants.

George F. Barrett, of Chicago (Donald Joyce, Sidney Z. Karasik, and Ellis B. Rosenzweig, of counsel), for appellee.

RYAN, J.

The plaintiffs were passengers in an automobile owned and driven by George Garda. An accident occurred in Pennsylvania and each plaintiff suffered personal injuries. Also damaged in the accident were certain items of personal property belonging to the plaintiffs which consisted primarily of musical instruments. These items were in the Garda vehicle. The plaintiffs instituted suits in Pennsylvania and recovered judgments against Garda for their personal injuries and for damage to their property. The defendant, Prudence Mutual Casualty Company, had issued an automobile liability insurance policy to Garda which covered the automobile involved in the accident and which insured Garda against liability for personal injuries and property damage. Prudence satisfied plaintiffs' judgments against Garda for personal injuries but refused to pay to the plaintiffs the amount of any judgments relating to property damages. Garda assigned his right of action against Prudence to the plaintiffs who instituted this action against Prudence in the Circuit Court of Cook County, Illinois seeking to recover the amount of the Pennsylvania judgments for damage to their property.

Defendant, Prudence, filed a motion to dismiss the Complaint alleging that the amount the plaintiffs were

seeking to recover was for property damage which was sustained while the plaintiffs' property was being transported by the defendant's insured, George Garda. The motion alleged that the policy of insurance in question specifically excluded from property damage any injury to or destruction of property transported by the insured. A copy of the policy was attached to the motion. Coverage B of the policy related to property damage. The exclusions portion of the policy provides that: "This policy does not apply. . . ." The policy then lists the various exclusions. Exclusion (f) provides:

> "under coverage B, to injury or destruction of property owned or transported by the insured, or property rented to or in charge of the insured other than a residence or private garage injured or destroyed by a private passenger automobile covered by this policy."

Following a hearing on the defendant's motion to dismiss the court entered the following order:

> "This cause coming to be heard on Motion of Defendant to Dismiss and the court being advised in the premises:
> "It is hereby ordered that the Motion to Dismiss plaintiffs' Complaint is granted. Complaint dismissed."

The plaintiffs have appealed from this order.

The briefs filed in this court dealt exclusively with the interpretation and the application of Exclusion (f) quoted above. However, for the purpose of oral argument in this court the defendant engaged additional counsel. About ten days before oral argument the new counsel for the defendant filed a Motion to Dismiss Appeal alleging that the order appealed from was not a final and appealable order. This court has taken this motion with the ap-

peal and of course, must consider the same before proceeding further.

■ We feel that the order was final and appealable. The Motion to Dismiss filed in the trial court by the defendant did not address itself to any defects in the allegations or to deficiencies that could have been cured by amendment. It clearly stated that the plaintiffs' claim was for damage to property which was occasioned while the property was being transported in the Garda automobile and that the policy of insurance excluded such coverage. The motion then prayed "that the plaintiffs' suit be dismissed at plaintiffs' cost." Plainly the motion to dismiss was a motion to dismiss plaintiffs' suit. It was treated as such by both parties in the trial court and in this court until about 10 days before oral argument. The fact that the handwritten order prepared by counsel for the defendant following the court's oral ruling on defendant's motion referred to the motion as a Motion to Dismiss the Complaint and recited "Complaint dismissed," does not negate the finality of the order.

■ The defendant contends that the order on its face must provide that the defendant go hence without day or that the plaintiffs' cause be dismissed. We do not consider such words of art necessary to make an order final if it is, in fact, a final order. The test of finality of the order lies in the substance and not the form. Peach v. Peach, 73 Ill App2d 72, 218 NE2d 504. To be final and appealable the order must terminate the litigation between the parties on the merits of the cause. It need not dispose of all of the issues presented by the pleadings. It must be final in the sense that it disposes of the rights of the parties either upon the entire controversy or upon some definite and separate part thereof. Village of Niles v. Szczesny, 13 Ill2d 45, 147 NE2d 371.

■ The order of a trial court dismissing or striking a complaint which if affirmed might result in the filing by the plaintiff of a new suit or an amended complaint involving the same cause of action is not final and appealable because the order has not terminated the litigation between the parties. Schoen v. Caterpillar Tractor Co., 77 Ill App2d 315, 222 NE2d 332.

■ If the order is based upon a technical legal deficiency in the pleadings (Pratt v. Baker, 79 Ill App2d 479, 223 NE2d 865), or upon a matter that can be cured by an amended pleading (Martin v. Masini, 90 Ill App2d 348, 232 NE2d 770) then the order is not final and appealable.

■ We hold that the order in the present case was a final adjudication of the rights of the respective parties involved. It did not rest upon a technical legal deficiency in the pleadings nor upon a matter that could be cured by an amended complaint. It was entered in response to the prayer to dismiss the plaintiffs' suit contained in the Motion to Dismiss. A dismissal of the suit and adjudication of the rights of the parties is what was sought and accomplished.

As to the merits of the controversy, we hold that the provisions of Exclusion (f) above quoted applied to the property of the plaintiffs and that they cannot recover from the defendant.

■ The plaintiffs insist that the property was not being transported by the insured but was, in fact, being transported by the plaintiffs. They reason that since they were in Garda's automobile the property was in their possession and was being transported by them and not by Garda. We do not consider the nature of the plaintiffs' possession or right to possession of the property involved important. They may well have had certain aspects of possession with regard to the property. The fact remains, however, that these items of prop-

315

erty were in the insured's automobile which was being operated by the insured. The insured controlled the movements of the automobile and likewise the movements of the plaintiffs' property therein. When the insured caused the automobile to move, the plaintiffs' property likewise moved. When he caused it to stop, the plaintiffs' property likewise stopped. The insured controlled the speed at which the property was moved from one place to another and the manner in which this was done; that is, either negligently, willfully or wantonly, or with due care. According to the allegations in plaintiffs' Pennsylvania cases, it was the manner in which these functions were performed by the insured that brought about the damage to the property. Under the terms of the exclusion, we find that the property was being transported by the insured.

The nature of the musical instruments involved (a bass viol, a cello, and a violin) make it unnecessary for us to decide whether a small item of personal property of substantial value which is carried in a pocket or on the person of a passenger comes within the provisions of Exclusion (f). This decision is not to be construed as implying that the same is applicable to such a factual situation.

This case appears to be one of first impression in Illinois. The plaintiffs urge that the term "transported by the insured" is ambiguous; that the ambiguity must be resolved in favor of the insured and that the court should construe this term to apply only to the same types of property referred to in the other classifications listed in this exclusion; that is, property in which the insured has an interest.

██ ██ We do not consider the language of the Exclusion (f) to be ambiguous. We agree that if the language of a contract of insurance is ambiguous, the construction will be adopted which favors the insured. This

principle does not authorize a perversion of language or the exercise of inventive powers for the purpose of creating an ambiguity where none exists. O'Daniell v. Missouri Life Ins. Co., 24 Ill App2d 10, 164 NE2d 78. The language of Exclusion (f) lists property owned *or* transported by the insured *or* property rented to *or* in charge of the insured. We can see no reason why each of these classifications of property must be interpreted in a manner consistent with the others. The use of the disjunctive conjunction "or" clearly indicates that each listing is a separate and distinct class of property included in the exclusion. If the disjunctive conjunction "or" is used, the various members of the sentence are to be taken separately. Central Standard Life Ins. Co. v. Davis, 10 Ill App2d 245, 134 NE2d 653.

■■ ■■ We consider the language of the exclusion clear and we must give the words thereof their ordinary meaning. If we were to exclude passengers' property in the insured vehicle from the provisions of the exclusion, we would under the guise of construction be making a new contract of insurance by writing therein a specific exception through construction. This, we cannot do. Yadro v. U. S. Fidelity & Guaranty Co., 4 Ill App2d 477, 124 NE2d 370. The language of Exclusion (f) in the past was interpreted to include within the meaning of property, as that term was used in the exclusion, a residence or private garage owned by or rented to the insured. In order to eliminate this type of property from the exclusion a separate provision was incorporated in the standard exclusion clause which specifically exempts a residence or private garage owned by or rented to the insured. Appleman Insurance Law and Practice, Vol 7, § 4328. If a similar exception is to be made as to the property of passengers which is being transported by the insured this exception should likewise be written

into the policy and not placed thereby in interpretation of language which is clear and unambiguous.

The plaintiffs insist that the insurance companies understand that the exclusion is not intended to apply to property of the insured's passengers being transported in the insured's automobile. In the plaintiffs' opinion this explains the absence of judicial authority interpreting the term "transported by the insured." The plaintiffs cite numerous articles in insurance publications which they claim indicate this understanding. We have read the articles cited and cannot agree with the plaintiffs' conclusion. In fact, we have concluded from these articles that the understanding of the insurance companies as to this exclusion is contrary to the plaintiffs' contention. The plaintiffs also quote from Cooke, Care, Custody or Control Exclusions, 1959, Insurance Law Journal, page 9, as follows:

> "The Automobile Casualty Manual states that this exclusion does not apply to liability for property of passengers carried in an automobile insured at *public automobile* rates." (Emphasis added.)

Plaintiffs also quote from an article entitled "The Care, Custody or Control Exclusion Is No Problem," 12 Annals 179 (1960), as follows:

> "It should be noted, however, that this exclusion does not usually apply to property of passengers carried in an automobile at *public automobile* rates." (Emphasis added.)

These two quotations on the first reading would seem to support plaintiffs' position. The key words, however, in both quotations are "public automobile." In a publication entitled "Gee, Agents Automobile Guide, 8th Edition, 1961, page 125 (an earlier edition of this same publication was cited by the plaintiffs on another point)

under the heading of "Public Automobiles," a public automobile is defined as one used for carrying passengers *for a charge*. This same publication under sections 6.4 and 6.7 thereof goes on to explain that in case of public automobiles the standard automobile policy is to be endorsed to cover such conditions as may be desired; that there is a different method of classifying and rating public automobiles and that the property damage rate for public automobiles includes coverage for liability to passengers for damage to their property carried in the insured automobile.

The quotations above referred to do not support the plaintiffs' position but relate to automobiles used to carry passengers for a charge. The plaintiffs' complaint does not indicate that they were being carried in Garda's automobile for a charge. A copy of the insurance policy was attached to the defendant's motion to dismiss. This policy contains no endorsement which would indicate that an additional premium had been paid to remove the provisions of Exclusion (f) from applying to damage to passenger's property transported by the insured.

We find that the language of Exclusion (f) is clear and unambiguous and requires no interpretation. The provisions of Exclusion (f) includes the plaintiffs' property. Accordingly, the plaintiffs are barred from recovery thereby for damage to their property which was being transported by the insured.

Affirmed.

STOUDER, P. J. and ALLOY, J., concur.