HASSETT STORAGE WAREHOUSE, INC., Plaintiff-Appellant, *v.* BOARD OF ELECTION COMMISSIONERS FOR THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (5th Division)   No. 76-1340

Opinion filed February 16, 1979.

Robert L. Berkover, of McCracken & Walsh, of Chicago (Thomas J. McCracken and Robert E. Cronin, of counsel), for appellant.

Foran, Wiss & Schultz and William J. Harte, Ltd., both of Chicago (Ian H. Levin, William J. Harte, and Kevin M. Forde, of counsel), for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff, Hassett Storage Warehouse, Inc. (Hassett), appeals from the dismissal of its two-count amended complaint seeking declaratory judgment and other relief, and presents us with questions regarding the propriety of the dismissal. We affirm. The facts are as follows:

Several plaintiffs[1] originally filed a complaint seeking a temporary restraining order and permanent injunction to prevent defendant Chicago Board of Election Commissioners (Board) from taking action to remove voting machines and other election material from plaintiffs' warehouse, and letting a storage and cartage contract (for a geographic area "labeled Area D") pertaining to these machines and other election material to defendant-intervenor Empire Moving and Warehouse Corporation (Empire). It was generally alleged in the complaint that Empire did not satisfy certain specifications required by the sealed bid and that to award a contract for the storage and cartage of certain election equipment for the years 1976 through 1978 to Empire would violate the competitive bidding requirements of the Municipal purchasing act for cities of 500,000 or more population (Ill. Rev. Stat. 1975, ch. 24, par. 8—10—1 *et seq.*). Additionally, it was alleged, in an amended pleading, that Hassett Storage Warehouse, Inc., as contractor for those machines for over 20 years, as a bidder, and as a taxpayer, would suffer irreparable injury if the election equipment was transferred to Empire. Both the Board and Empire filed motions to dismiss the complaint. Empire also filed a brief in support of its motion. The motion and brief of Empire attacked the merits of the cause of action and the equitable jurisdiction of the court if it were found that there was a viable cause of action. Plaintiffs filed a motion for a temporary restraining order.

The trial court conducted a hearing on plaintiffs' motion for a temporary restraining order and on December 16, Judge F. Emmett Morrissey dismissed the complaint and granted plaintiffs 21 days to file an amended complaint. The court did not rule on the motion for a temporary restraining order.

The Area D contract for the storage and cartage of election equipment was awarded to Empire and on or about December 17,

---

[1] Plaintiffs in the original complaint for injunction were Max W. Schmid, Laura E. Hassett and Hassett Storage Warehouses, Inc.

defendants Board and Empire removed all voting machines and other election materials from plaintiffs' warehouse for transport to and storage at Empire's facility.

On January 6, 1976, plaintiff Hassett filed an amended complaint for declaratory and other relief. The complaint alleged that the action of the Board in granting the Area D contract for the storage and cartage of election equipment to Empire violated the competitive bidding requirements of the Municipal purchasing act for cities of 500,000 or more population (Ill. Rev. Stat. 1975, ch. 24, par. 8—10—1 *et seq.*). In addition, Hassett alleged that Empire's proposal did not satisfy the material specifications of the sealed bid and its warehouse facility did not meet other material specifications required in the sealed bid. The complaint sought an order compelling the Board to have the contract rebid or to award the contract to Hassett. The complaint also requested money damages against the Board but sought no relief against Empire. The case was transferred to the law division where both defendants filed motions to dismiss.

At the hearing on defendants' motions to dismiss, Judge Arthur L. Dunne dismissed the amended complaint on the specific ground that there was no legal requirement for binding competitive bidding as to this contract. The court did not reach the question of whether Judge Morrissey's decision was res judicata.

The Board filed a motion to dismiss the appeal which was ordered taken with the case by this court.

Opinion

I

We shall first address defendants' threshold argument contained both in their briefs and in defendant Board's motion to dismiss the appeal that Hassett's amended complaint is barred by the doctrine of res judicata. Defendants specifically contend that the dismissal of Hassett's complaint for injunction and other relief in the chancery division of the circuit court was a final and appealable order that adjudicated the rights in litigation on the merits. Hassett argues, however, that the order did not terminate the litigation between the parties on the merits, but was interlocutory. We think defendants' contention is untenable.

Hassett's complaint for injunction and other relief against the Board and Board members essentially contained allegations that (1) contested the action on the part of the Board in granting the Area D contract for the storage and cartage of election equipment to Empire, and (2) claimed that the Board in granting the contract violated the competitive bidding requirements of the Municipal purchasing act for cities of 500,000 or more population (Ill. Rev. Stat. 1975, ch. 24, par. 8—10—3). The complaint

sought: (1) a temporary restraining order restraining the Board from both letting the Area D contract and removing any of the Area D voting machines from Hassett; (2) a preliminary injunction enjoining both; (3) a permanent injunction enjoining the Board from, *inter alia*, considering or approving Empire's bid on Area D; and (4) an order commanding the Board to let the Area D contract to Hassett.

Hassett's complaint did not designate Empire as a party defendant. Nevertheless, Empire sought and was granted leave to intervene as a defendant. Both the Board and Empire filed motions to dismiss Hassett's complaint. Empire's motion to dismiss and supporting brief was on the grounds that Hassett could make no complaint about the bidding procedures since the contract was not subject to the laws of Illinois requiring competitive bidding. Empire's motion to dismiss further attacked the court's equitable jurisdiction in the event the complaint was held to have stated a viable cause of action. The Board's motion to dismiss also contested the merits of Hassett's cause of action.

At the hearing before Judge Morrissey on Hassett's motion for a temporary restraining order, the court terminated the proceeding by dismissing plaintiffs' complaint. The order of dismissal stated:

> "This cause coming on for hearing, and the Court having considered the pleadings filed in this cause, the briefs filed by Empire, and having heard the argument of counsel, and being further fully advised in the premises:
>
> It is hereby ordered that the motions to dismiss the complaint filed by the defendants and the intervening defendant be and are granted. Leave is given plaintiffs to file an amended complaint at law within 21 days."

In the proceedings before Judge Morrissey the following remarks were made:

> "The Court: Let me ask you the sixty-four dollar question. Could they (the Board) throw out all bids and grant the contract to Hassett tomorrow.
>
> Mr. Cronin: They could—
>
> The Court: That is right.
>
> Mr. Cronin: They could.
>
> The Court: No question about it. They are the body. They make the determination.

\* \* \*

> The Court: [T]hey don't even have to let this contract to bid. They don't even have to go through this process.
>
> Mr. Cronin: But they did. They published it, and they—

The Court: That was merely to see if they were paying Hassett the right figure. They found out they were overpaying Hassett.

* * *

The Court: * * * I can't see where I would enjoin the Board of Election Commissioners and the officers of it for a purely discretionary act.

* * *

The Court: If you feel that your client is suffering damages by reason of the action of the Board of Election Commissioners, why then you are entitled to a money damage. I can't see where I would enjoin the Board * * * for a purely discretionary act."

In view of these remarks, defendants assert that the foundation for the dismissal of Hassett's complaint was that the Board was not subject to the Illinois competitive bidding requirements. Judge Morrissey also commented that the Board's decision to let the Area D contract to Empire was a "purely discretionary act," and he informed Hassett that if it felt it was being legally wronged by the action of the Board, its remedy would have to be for money damages. Thus the court reached the merits of the cause of action. No appeal was taken by Hassett from the order of dismissal.

Within the 21-day period, Hassett filed an amended complaint seeking declaratory and other relief. The essential allegations of the amended complaint and the complaint were identical. Both complaints alleged that the action of the Board in granting the Area D contract for the storage and cartage of election equipment to Empire was illegal. Each complaint alleged that the Board in granting the contract violated the competitive bidding requirements of the Municipal purchasing act for cities of 500,000 or more population (Ill. Rev. Stat. 1975, ch. 24, par. 8—10—3). Though captioned as being for declaratory and other relief, the amended complaint involved the essentially identical request for injunctive relief because it sought an order compelling the Board to let the contract to Hassett. The only difference between the complaints was that the amended complaint sought money damages against the Board.

■■ ■ "The doctrine of res judicata * * * is that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." (*People v. Kidd* (1947), 398 Ill. 405, 408, 75 N.E.2d 851, 853.) The doctrine of res judicata is divided into the doctrines of estoppel by judgment and estoppel by verdict (generally termed collateral estoppel). (*City of Elmhurst v. Kegerreis* (1945), 392 Ill. 195, 64

N.E.2d 450.) Estoppel by judgment applies in all cases where the second suit is upon the same cause of action and is between the same parties or their privies. This doctrine extends not only to questions actually litigated and decided, but to all grounds of recovery or defense which might have been presented in the first suit. (*Bandringa v. Bandringa* (1960), 20 Ill. 2d 167, 170 N.E.2d 116; *Normal State Bank v. Killian* (1944), 386 Ill. 449, 54 N.E.2d 539.) "When a former adjudication is relied upon as an absolute bar to a subsequent action, the only questions to be determined are whether the cause of action is the same in both proceedings, whether the two actions are between the same parties or their privies, whether the former adjudication was a final judgment or decree upon the merits, and whether it was within the jurisdiction of the court rendering it." *People v. Kidd* (1947), 398 Ill. 405, 408-09, 75 N.E.2d 851, 854.

■■ In the present case, even though Hassett's amended complaint was based on the same operative facts as its complaint and the parties involved in both complaints were the same, this does not make the order of the court final. In *Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 48, 147 N.E.2d 371, 372, a final and appealable order was defined as follows:

"To be final and appealable, a judgment or order must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with the execution of the judgment. [Citations.] While the order need not dispose of all the issues presented by the pleadings, it must be final in the sense that it disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof."

The order in the case at bar, dismissing the complaint did not terminate the litigation between the parties on the merits because the trial court granted Hassett leave to amend its complaint within 21 days and Hassett proceeded to amend such complaint by filing an amended complaint. It was interlocutory in form and substance and not a final judgment. (*Tondre v. Pontiac School District No. 105* (1975), 33 Ill. App. 3d 838, 342 N.E.2d 290; *Robinson v. City of Geneseo* (1966), 77 Ill. App. 2d 308, 222 N.E.2d 331.) If plaintiff Hassett had decided to stand on its original complaint after dismissal, it would have had to so indicate to the trial court, whereafter a final judgment would have been entered for defendants. *Schoen v. Caterpillar Tractor Co.* (1966), 77 Ill. App. 2d 315, 222 N.E.2d 332.

■■ Defendants have cited no authority specifically on the point that an order dismissing a complaint with leave to plead over is final and appealable. The cases defendants rely on are distinguishable. *Lakatos v. Prudence Mutual Casualty Co.* (1969), 113 Ill. App. 2d 310, 252 N.E.2d 123, involved an appeal from a trial court order dismissing plaintiffs'

complaint. The order, however, did not give plaintiffs leave to amend. Defendant argued that the order was not final and appealable since it did not provide that "defendant go hence without day or that the plaintiffs' cause be dismissed." (113 Ill. App. 2d 310, 314, 252 N.E.2d 123, 125.) The court found the order to be final and appealable because the motion to dismiss was a motion to dismiss plaintiffs' suit and did not address itself to any defects in the allegations or deficiencies that could have been cured by amendment. Similarly, the order of the trial court in *O'Fallon Development Co. v. City of O'Fallon* (1976), 43 Ill. App. 3d 348, 356 N.E.2d 1293, which was appealed, merely recited that the motion to dismiss the amended complaint was allowed and all counts were dismissed. The order, however, did not grant plaintiff leave to amend. The court looked to the substance of what was actually decided, rather than the form of the order and held the order to be final and appealable since it terminated the litigation between the parties. Furthermore, the authority defendants cite regarding application of the doctrine of res judicata to this case is inapposite because defendants' cases all involve former adjudications in separate cases. In the pending case, the filing of the amended complaint was a continuation of the same proceeding. We therefore hold that Hassett's amended complaint for declaratory judgment and other relief was not barred under the doctrine of estoppel by judgment.

■■ Empire argues, however, that even if estoppel by judgment does not apply, the doctrine of estoppel by verdict bars Hassett's amended complaint. The doctrine of estoppel by verdict applies even though the cause of action is not the same in both suits. Under that doctrine the former order bars the parties from relitigating only those matters actually raised and decided in the prior action. (*Casson v. Nash* (1977), 54 Ill. App. 3d 783, 370 N.E.2d 564.) For the doctrine of estoppel by verdict to be applicable, the issue decided in the prior adjudication must be identical with the issue presented in the case under review; the party against whom the estoppel is asserted must have been a party or in privity with a party to the prior litigation; and there must have been a final judgment on the merits in the former suit. (54 Ill. App. 3d 783, 789, 370 N.E.2d 564, 569.) Based upon the rationale that no final judgment on the merits was rendered in the original suit, we find that the doctrine of estoppel by verdict is also not applicable to this case.

II

Hassett contends that the trial court erred in sustaining defendants' motion to dismiss its amended complaint at law. We disagree.

■■ The motion to dismiss admits the truth of all allegations of fact well

pleaded, and the cause of action should not be dismissed on the pleadings unless it appears that no set of facts can be proved which will entitle the pleader to relief. (*Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128, 359 N.E.2d 171; *Dinn Oil Co. v. Hanover Insurance Co.* (1967), 87 Ill. App. 2d 206, 230 N.E.2d 702.) While a motion to dismiss admits facts well pleaded, it does not admit conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest.

Defendant Board's motion to dismiss the amended complaint at law challenged the legal sufficiency of the allegations against it upon the pertinent grounds that: (1) the storage and cartage of election equipment requires a high degree of professional skill as admitted by Hassett in paragraph 16 of the amended complaint; (2) that counts I and II were substantially insufficient in law and failed to state a cause of action because the premise of the amended complaint that the Board was under a legal duty to submit the contract to competitive bidding under the Municipal purchasing act for cities of 500,000 or more population was erroneous in that this act specifically exempts contracts involving a high degree of professional skill, as here, from being submitted for competitive bidding (Ill. Rev. Stat. 1975, ch. 24, par. 8—10—4); (3) the specifications issued by the Board specifically allowed the Board to reject any or all proposals submitted for the storage and cartage of election equipment, thus Hassett has no basis for seeking relief; and (4) there are no grounds for declaratory relief stated because no actual or justifiable controversy exists relative to the negotiations and/or award of the storage and cartage contract for Area D. The motion disputed, therefore, Hassett's right, as a matter of law, to recover on the facts stated. Under the pleadings, its basis for recovery became, and was, an issue of law.

Empire's motion to dismiss alleged in relevant part that the amended complaint failed to state a cause of action upon which relief can be granted; that Hassett failed to allege any facts which would indicate that it was harmed by the conduct of Empire; that the amended complaint is barred by the doctrine of "laches"; that Hassett makes no claim for relief against Empire that is cognizable before a court since it requests Empire to return all voting machines stored with Empire to it; and, that there are no grounds for declaratory relief stated. Hence, the motion of Empire also attacked the merits of the cause of action.

Responding to the motion to dismiss, Hassett principally raises two contentions: (1) that the trial court wrongfully construed the Illinois statute (Ill. Rev. Stat. 1975, ch. 24, par. 8—10—4) in holding that the exception applied and made unnecessary bidding procedures instituted by the Board, and (2) that defendants failed to sustain their burden of pleading and proving the applicability of the statutory exception and

their failure to produce evidence in support of their claim requires reversal with a mandate not to relitigate this issue. We cannot agree.

The Municipal purchasing act for cities of 500,000 or more population, in pertinent part, provides as follows:

"§8—10—3. Purchase orders and contracts—Competitive bids.] Except as otherwise herein provided, all purchase orders or contracts of whatever nature, for labor, services or work, the purchase, lease, or sale of personal property, materials, equipment or supplies, involving amounts in excess of $5,000, made by or on behalf of any such municipality, shall be let by free and open competitive bidding after advertisement, to the lowest responsible bidder * * *." Ill. Rev. Stat. 1975, ch. 24, par. 8—10—3.

"§8—10—4. Contracts not requiring competitive bids.] Contracts which by their nature are not adapted to award by competitive bidding, such as but not limited to contracts for the services of individuals possessing a high degree of professional skill where the ability or fitness of the individual plays an important part, contracts for supplies, materials, parts or equipment which are available only from a single source * * * shall not be subject to the competitive bidding requirements of this Article." Ill. Rev. Stat. 1975, ch. 24, par. 8—10—4.

The competitive bidding statute, as a restriction upon the public bodies' powers, is to be narrowly construed. In *People ex rel. Adamowski v. Daley* (1959), 22 Ill. App. 2d 87, 159 N.E.2d 18, the court stated:

"In the absence of some statutory provision, competitive bidding is not an essential prerequisite to the validity of contracts by and with public bodies.[Citations.] Furthermore, a statute requiring bids is 'restrictive' and should not be extended beyond the language used." 22 Ill. App. 2d 87, 91-92, 159 N.E.2d 18, 20.

The contract in this case, which was attached to the complaint as an exhibit concerned, *inter alia,* the safe storage of about 1300 voting machines; the safe delivery of the voting machines and other election equipment to polling places for use on election days; the collection of voting machines and other election equipment from the polling places and their return to the storage facilities after an election; the pick up of registration binders, ballots and other election equipment from Central Board offices, receiving stations and other locations and their safe delivery to the precincts for use on election days; and the collection of election equipment from abandoned polling places and delivery to new polling places where required on election days. The contract specifications total 11 pages, and since there are six elections during the term of the contract the aforementioned obligations must be performed at least six times.

Even if the statute requiring bids is strictly construed, this contract places a tremendous responsibility on the contractor for the efficient administration of the electoral process. It requires that trust and confidence be placed in the performer of the contract and requires near perfect performance under extreme time pressures. The failure of a contractor to perform his obligations properly could disenfranchise registered voters in an area and do irreparable damage to an election.

By its terms, this contract is one where "the ability or fitness of the individual plays an important part * * *." (Ill. Rev. Stat. 1975, ch. 24, par. 8—10—4.) Furthermore, Hassett's amended complaint concedes the presence here of "professional skill" requiring an exemption from the competitive bidding statute. It alleges in paragraph 16 that Hassett had previously "expertly" been the Area D contractor for 20 years under contracts without competitive bidding. Moreover, Hassett's contention that competitive bidding is legally required is directly contradicted by Hassett's counsel's statement before Judge Morrissey that the Board could legally discard all of the bids and award the contract to Hassett without the requirement of competitive bidding. We therefore conclude that the contract was of a nature "not adapted to award by competitive bidding," the amended complaint, consequently, could not possibly state any cause of action whatsoever, and the trial court did not err in granting the defendants' motion to dismiss.

### III

Hassett's argument regarding the failure of defendants to sustain their burden of pleading and proving the applicability of the statutory exception and their failure to produce evidence in support of their claim is also without merit. Hassett's amended complaint pleaded legal conclusions based on the Municipal Purchasing Act. Defendants properly raised by motions to dismiss the point that pursuant to the complaint allegations and supporting exhibits, the contract was exempt from the statute's operation as a matter of law. The court considered, *inter alia*, the Board's sealed bid in determining that performance of the storage and cartage contract required a high degree of professional skill.

### IV

Hassett further alleged in the amended complaint that it is entitled to money damages against the Board under the facts pleaded in addition to injunctive relief. However, Hassett's counsel conceded on oral argument that the authorities were uniform in denying an aggrieved bidder recovery for lost profits on municipal contracts. (*City of Scottsdale v. Deem* (1976), 27 Ariz. App. 480, 556 P.2d 328.) Thus Hassett is precluded

from recoverying damages from the Board even if it could prove that its bid was improperly rejected.

## V

Hassett next maintains that the Board's advertisement for bids and the published bidding which resulted in the award of the contract to Empire made the contract "adapted to award by competitive bidding," and the exception provision of the Municipal purchasing act (Ill. Rev. Stat. 1975, ch. 24, par. 8—10—4) cannot control. We think not.

Defendant Board argues that its request for bids does not cancel its discretionary right to award the contract to any contractor it considers responsible. The bidding document issued by the Board was entitled "Invitation to Bid" and expressly provided, in relevant part:

> "Each contractor shall submit a proposal on all items contained in the bid. Any proposal which contains any omissions or alterations of the specifications may be rejected by the Board. The Board shall estimate the total cost of each item and based upon such estimates shall award the contract to the lowest responsible bidder. Bids may be rejected, if, in the opinion of the Board, the contractor is not capable of adequately performing the contract in accordance with the specifications. *The Board reserves the right to reject any or all proposals.*" (Emphasis added.)

Defendant Board asserts that a request for bids is merely an invitation for offers, not an offer to contract, and that a contractor's bid is the offer to contract. The contractor's offer results in a contract only on the acceptance of the bid by the public body.

In support of its position, the Board cites the cases of *Automatic Voting Machine Corp. v. Daley* (1951), 409 Ill. 438, 100 N.E.2d 591; *People ex rel. Adamowski v. Daley* (1959), 22 Ill. App. 2d 87, 159 N.E.2d 18; *Pembar, Inc. v. Knapp* (1961), 14 Wis. 2d 527, 111 N.W.2d 476, and *Connelly v. City of Elmira* (1932), 258 N.Y.S. 603, 144 Misc. 282. These cases collectively state that: (1) the submission of a bid on a municipal contract is an offer only and there is no contract created until the passage of a resolution and the execution of a written contract by the applicable public body (*Automatic Voting Machine Corp.*); (2) when not required by statute, competitive bidding is not an essential prerequisite to the validity of contracts by and with public bodies (*Adamowski*); and (3) when a public body, though not required to do so by statute, has called for bids, the public body may award the contract to any bidder it considers responsible. *Pembar; Connelly.* See also 63 C.J.S. *Municipal Corporations* §1157a (1950).

■ Applying these principles to the pending case, the Board, in calling

for bids, did what it was not required to do, but this action did not remove the Board's discretionary right to award the contract in the public interest to the party it regarded as the lowest responsible bidder. The invitation to bid expressly reserved the right to reject any proposal and the Board properly exercised its discretion in awarding the contract to Empire. *Kelly v. City of Chicago* (1871), 62 Ill. 279.

Hassett in its reply brief relies on the cases of *People ex rel. Lipsky v. City of Chicago* (1949), 403 Ill. 134, 85 N.E.2d 667, and *Electrical Contractors Association v. Illinois Building Authority* (1966), 33 Ill. 2d 587, 213 N.E.2d 761, as supportive of its position that the Board's public contracts are subject to the Municipal Purchasing Act. This reliance is misplaced because both cases are inapposite. *Lipsky* was a consolidated taxpayers' suit against the City of Chicago and Board of Election Commissioners and a petition for mandamus by the Board and Automatic Voting Machine Corporation against the City of Chicago to force the payment of invoices submitted by Automatic Voting Machine Corporation. In the pending case, Hassett is a disappointed bidder. Furthermore, *Lipsky* interpreted a section of the Election Code as it applied to the purchase of voting machines and the court stated that under the Code the Board of Elections was authorized to select and purchase voting machines and the machines manufactured by Automatic Voting Machine Corporation complied with the requirements of the Code. It did not decide any question with reference to the Municipal purchasing act which is the statute involved in the case at bar. *Electrical Contractors Association* decided only that the Illinois Building Authority was not a "State Agency" as defined by the Illinois Purchasing Act, since it did its financing through the sale of revenue bonds it was not expending State funds within the meaning of the Act. It was therefore held that the Authority was not required to follow the prescribed bidding procedures set forth in the Illinois Purchasing Act. The reasoning and holding in *Electrical Contractors Association* is therefore not applicable to the pending case.

## VI

■■ Even assuming that the competitive bidding section of the Illinois Municipal Purchasing Act is applicable, the section is not self-executing and does not create a right in Hassett to the Area D contract. Under section 8—10—3 of the statute the Board is required to let the contract to the lowest responsible bidder. The amended complaint lacks allegations supporting the requirement that Hassett was the lowest responsible bidder. No allegations were included as to who the two unknown bidders were, the amounts of their bids in comparison to Hassett's and the reason Hassett was the lowest and most responsible of these three bidders.

Actually, Hassett was not the lowest bidder. Hassett's bid was higher than all but one of the other bidders. The lowest bidder afterwards refused to contract with the Board. Consequently, Hassett failed to make sufficient allegations to establish the necessary element that it was the lowest responsible bidder for the Area D contract. Therefore, insufficient facts were alleged to entitle Hassett to the award of the Area D contract, as was sought in count I. The failure to allege sufficient facts is particularly significant in light of Illinois law to the effect that the determination of which bid is to be accepted under a statute requiring that certain contracts be let to the lowest responsible bidder is discretionary. *McGovern v. City of Chicago* (1917), 281 Ill. 264, 118 N.E. 3; *Johnson v. Sanitary District* (1896), 163 Ill. 285, 45 N.E. 213.

## VII

■■ ■ Lastly, we consider a question raised in Empire's motion to dismiss that has not been previously discussed as an issue pertaining to both defendants. Empire contends that Hassett's amended complaint failed to state a cause of action against it. We agree. The amended complaint does not allege that Empire had anything to do with the Board awarding the contract to it, that Empire violated the Municipal purchasing act, or that Empire by the act of submitting a bid owed or breached any duty to Hassett; additionally, it does not pray for damages against Empire. Hassett requested relief and damages only from the Board. Counsel for Hassett, however, during oral argument did request damages against Empire, but this issue was not raised in Hassett's complaint or brief and is therefore waived. (Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(7); *Svec v. Allstate Insurance Co.* (1977), 53 Ill. App. 3d 1033, 369 N.E.2d 205; *Ray's Liquors, Inc. v. Newland* (1977), 52 Ill. App. 3d 680, 367 N.E.2d 982.) Since there is no allegation in the complaint regarding any duty owed to Hassett by Empire, there can be no cause of action against Empire. Empire's sole activity was to successfully bid on a contract with the Board. Hassett has not alleged that the act of submitting a bid creates any duty owed by Empire to Hassett.

In concluding that the trial court properly dismissed Hassett's amended complaint, we believe it unnecessary to consider defendants' other contentions.

For the reasons stated, the order of the trial court dismissing the amended complaint is affirmed.

Affirmed.

LORENZ and MEJDA, JJ., concur.